E-FILED

Thursday, 13 January, 2005 ___ ___ PM
Clerk, U.S. District Court, ILCD

JAN 1 3 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AO 243
REV 6/82

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Central District of Illinois |
|---|---|
| Name of Movant Sammie Simpson | Prisoner No. 20507-424 | Docket No. 01-CR-10038 |

Place of Confinement

F.C.I. Greenville, Federal Correctional Institution

| UNITED STATES OF AMERICA | V. | Sammie Simpson  05-1010 |
|---|---|---|
| | | (full name of movant) |

(include name upon which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __United States District Court Central District of Illinois at Peoria__

2. Date of judgment of conviction __Oct 18, 2002__

3. Length of sentence __262 months__

4. Nature of offense involved (all counts) __In Violation of Title 21 U.S.C. Section 846 and 841 (b)(1)(A)__

5. What was your plea? (Check one)
   (a) Not guilty    ☒
   (b) Guilty        ☐
   (c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)
   (a) Jury        ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court United States Court of Appeals for The Seventh Circuit

(b) Result Affirmed.

(c) Date of result May 23, 2002

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a)(1) Name of court SUPREME COURT OF THE UNITED STATES

(2) Nature of proceeding CERTIORARI

(3) Grounds raised Violation of the defendant Fifth Amendment Right to the Constitution of the United States, Due Process Equal Protection of the law. **"Disparity in Sentence" The guide-lines are unconstitutional.**

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result **Denied**

(6) Date of result **January 12, 2004**

(b) As to any second petition, application or motion give the same information:

(1) Name of court

(2) Nature of proceeding

(3) Grounds raised

(3)

AO 243
REV 6/82

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result_____  N/A_____

(6) Date of result _____ _____  N/A_____

(c) As to any third petition, application or motion, give the same information:

(1) Name of court _____  `N/A_____

(2) Nature of proceeding _____  N/A_____

(3) Grounds raised_____  N/A_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result _____  N/A_____

(6) Date of Result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.      Yes ☒ No ☐
(2) Second petition, etc.   Yes ☐ No ☐
(3) Third petition, etc.    Yes ☐ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

    A. Ground one: _____ (See attach page) _____

       _____

       Supporting FACTS (state *briefly* without citing cases or law) _____

       _____
       _____
       _____
       _____
       _____

    B. Ground two: _____ (See attach page) _____

       _____

       Supporting FACTS (state *briefly* without citing cases or law): _____

       _____
       _____
       _____
       _____
       _____

    C. Ground three: _____ (See attach page) _____

       _____

       Supporting FACTS (state *briefly* without citing cases or law): _____

       _____
       _____
       _____
       _____

**A.    Ground one:** SENTENCING COURT FAILURE TO ATTACH THE DEFENDANT PRESENTENCING INVESTIGATION REPORT A WRITTEN RECORD OF HIS ORAL DETERMINATION NOT TO RELY ON DISPUTED STATEMENTS AND OTHER INFORMATION IN THE REPORT AS TO THE DEATH OF MR. WILLIAM GILMORE SUBSTANTIALLY PREJUDICE PETITIONER AND HIS SENTENCE SHOULD BE VACATED AND SET ASIDE.

The presence report attributed the death of William Gilmore to the defendant contrary to the jury verdict, and the court failure to correct noted inaccuracies or resolve objections to the disputed information in the presentence report denied defendant due process in that: (1) the court did not find defendant responsible for Mr. Gilmore death, but the defendant's offense level reflect such a finding; (2) the court failed to attach to the defendant presentence report a written  statement of his oral finding not to rely upon contested facts in the presentence investigation report; (3) trial court failure to resolve disputed issues relevant  to defendant's role deprive defendant due process and the sentence must be vacated and set aside and the defendant resentence.

**B.    Ground two:** PETITIONER SIXTH AMENDMENT RIGHT TO A FAIR AND IMPARTIAL TRIAL WAS DENIED WHERE TRIAL JUDGE CONTINUOSLY ALLOWED THE GOVERNMENT TO REPEATEDLY LEAD WITNESSES DURING DIRECT AND CROSS EXAMINATION TO STRUCTURE THEIR TESTIMONY TO PREJUDICE JURY FACT FINDING DETERMINATION.

The trial court over ruled countless objections by defense counsels to the government's repeatedly leading it's witnesses with conclusionary statements. The trial court refused to dissuade the government to reframe from structuring the witness's testimony through leading and conclusionary statements despite numerous objections by the defense. The court vehemently reprimand defense counsel for objecting to the government's blantant disregard for the intergrity of the judicial process by leading  their witnesses to the obvious conclusionary response. The court superficial reprimand of the government fell upon death ears and the government continue to prejudice the jury fact finding determination with conclusionary and leading statement.

**C. Ground three:** THE DISTRICT COURT DID NOT COMPLY WITH RULE 32 TO THE PREJUDICE OF PETITIONER WHEN IT FAILED TO RESOLVE FACTUAL DISPUTES CONCERNING DRUGS TYPES AND QUANTITIES AND INSTEAD RELIED ON THE INACCURATED INFORMATION TO ESTABLISH DRUG TYPE AND QUANTITIES FOR PURPOSE'S OF SENTENCING.

Rule 32 require strict compliance by the district court in that; (1) the court finding under rule 32 (c)(1) must be explicit for meaningful appealate review; and (2) the court's obligation under rule 32 (c)(1) is to address the defendant objections to the presentence report; (3) the court must make an explicit factual finding on unresolve objections is required in determinations of the disputed facts, included and not limited to drug types and quantities attributed to the defendant for purpose of determining the appropriated sentence to be impose; failure of the court to make requisite Rule 32 (c)(1) finding at sentencing requires the sentence to be vacated and remanded back into court and resentencing.

AO 243
REV 6/82

D. Ground four:
**PETITIONER'S SENTENCE SHOULD BE VACATED AND SET ASIDE WHERE THE DISTRICT COURT FAILED TO MAKE A SPECIFIC FINDING AS TO DRUGS ATTRIBUTABLE TO THE PETITIONER OR REASONABLY FORESEEABLE TO THE PETITIONER FOR PURPOSE OF DETERMINING SENTENCE. THE COURT RELIED UPON WITNESS-ES STATEMENTS, AND NEVER ALLOWED PETITIONER THE RIGHT OF CONFRONTATION.**

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

The trial court's failure to make a specific finding as to the drug amounts attributable to or reasonably foreseeable to petitioner independent of the drugs charged in the conspiracy. That because drug amounts are so important in determing sentence in a narcotic case, the court must make a explicit finding as to its calculation of drug quantities and offense level and how it arrived at drug amounts attributable to or reasonably forseeable to petitoner independent and distinguish from drug charged in conspiracy for purpose of sentencing petitioner. Failure to make such findings brings rise to substantial due process violations and severely prejudice petition-er. And the sentence should be vacated and set aside.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

The ineffective Assistance of Counsel claim was not present because

proof required Reference to matters outside the record. Matters of law

were not included nor the recent Supreme Court decision as to the Consti-

tutionally of the U.S.S.G.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing George F. Taseff

Ste 1500 401 Main Street Peoria, Illinois 61602

(b) At arraignment and plea Spencer Daniels, Esquire

411 Hamilton Boulevard Suite 1708 Peoria, Illinois 61602

(c) At trial Spencer Daniels, Esquire

411 Hamilton Boulevard Suite 1708 Peoria, Illinois 61602

(d) At sentencing Spencer Daniels, Esquire

411 Hamilton Boulevard Suite 1708 Peoria, Illinois 61602

**E.   Ground five:**   **PETITIONER'S CONVICTION SHOULD BE REVERSE AND SENTENCE VACATED WHERE INDICTMENT FAILED TO CHARGE A SPECIFIC THRESHOLD DRUG QUANTITY NOR SUBMITTED TO THE JURY PROVEN BEYOND A REASONABLE DOUBT IN LIGHT OF BLAKELY V. WASHINGTON US _____, 124 S. CT., 2531 (2004) AND UNITED STATES V. BOOKER, 375 F. 3d 508 (7th Cir 2004)**

The indictment charging defendant in violation of 21 USC Section 841 failed to charge a specific threshold drug quantity; and  (1) the drugs alleged in the "Overt acts" alleged in the indictment are not elements of the aggravated drug trifficking offense; (2) the defendant's conviction and sentence imposed under section 841 are invalid when no drug quantity of a controlled subsyance is charged in the underlying indictment; (3) the sentence was imposed without a jury finding of a threshold drug quantity, (4) the drug quantity was not charged in the indictment and proven beyond a reasonable doubt or admitted by the defendant. Therefore in light of the recent Supreme Court decision in **Blakely v. Washington,** the sentence the defendant receive is a sentence well beyond the maximum allowable sentence under **Blakely** and is in violation of the law and this court should reverse defendant's conviction, or in the alternative follow the holding in this Circuit decision consistent with **Booker.**

**F.   Ground six:**   **THE TRIAL COURT ERRED WHEN IT ENHANCED PETITIONER'S SENTENCE FOR LEADERSHIP OR ORGANIZER ROLE UNDER 3B1. l(a)(1) OF THE UNITED STATES SENTENCING GUIDELINES VIOLATED PETITIONER'S SIXTH AMENDMENT RIGHT AS INTER- PRETED IN BLAKELY AND BOOKER.**

The court erred when it enhance petitoner's sentence 2 levels for leadership or organizer role based solely on the presentence investi- gation report where; (1) the government did not prove beyond a reason- able doubt that Mr. Sammie Simpson was an organizer or a leader in the offense; and (2) the government failed to establish that the petitioner was a leader of five or more participants; (3) petitioner did not exercise control over any of the Co-Defendants or persons involved in the alleged conspiracy; (5) the facts relevant to the enhancement were not proven to a jury beyond a reasonable doubt as required by Blakely and Booker; and the sentence should be vacated and remanded for resentencing consistent with this Circuit decision in Booker.

|  |  | COUNSEL WAS INEFFECTIVE AND HIS PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD ALLOWED BY AND ATTORNEY FOR FAILING TO OBJECT TO THE IDENITY OF THE CONTROLLED |
|---|---|---|
| G. | Ground seven: | SUBSTANCE; AND (1) OBJECTING TO THE DRUG QUANTITIES ATTRIBUTABLE TO PETITIONER OR REASONABLY FORESEEABLE TO HIM WHEREBY PETITIONER'S SENTENCE SHOULD BE VACATED AND REMANDED FOR RESENTENCING. |

Counsel failed to object to the drug quantities in the presentence investigation report not charged in the indictment and submitted to the jury deprived defendant of substantial due process protection as well as; (1) Counsel performance was deficient for not properly objecting to the presentence investigation report's use of drug amounts found only in the government's Version of the offense use to determine the sentence of the defendant; (2) Counsel was ineffective for not challenging drugs attributed to the defendant based upon the uncorroborated staements of the government witnesses; and (3) Counsel's performance was deficient when he made no objection to, nor diligently challenged the testimonies of the witnesses account of drugs charged in the transation not related to the charged conspiracy. (trial Tr. $pg\ 4-26$   );  (4) Counsel's failure to protect defendant's due process rights at sentencing by not properly objecting to the court's failure to make a specific finding as to the amount of drugs charged in the conspiracy attribute to the defendants; (5) Counsel was ineffective for not objecting to the offense level 36 that did not reflect the sentencing guidelines range for the amount of drug attributable to the defendant, charged in the conspiracy; or found by the jury.

|  |  | THE GOVERNMENT'S INTRODUCTION OF HIGHLY PREJUDICIOUS TESTIMONY IMPLYING DEFENDANT"S GANG RELATED INVOLVE- |
|---|---|---|
| H. | Ground eight: | MENT TAINTED THE JURY"S DECISION MAKING PROCESS BY INDUCING A PREDISPOSITION OF GUILT PREDICATED IN ACCUSATIONS OF DEFENDANT'S AFFILIATION WITH NEFARIOUS STRETT GANGS |

The prosecution did not involve gang related activity; (2) no material evidence was introduce at trial as to defendants conspiratorial involvement in gang related drug sales; (3) the government offered no proof of defend= ants involvement in gang activity; (4) the Grand Jury was not charged with returning an indictment against defendants predicated upon an offense involving gang related criminal activies; (5) the testimony of gang affiliation did not go to prove a material fact essential to the charged offense; (6) the indictment did not charge organized crimes activity involving defendants; (7) the court ignored defendants objection to the highly prejudicious gang related testimony; (8) the government's unbridled solicitation of egregious and spurious testimony implying  defendants affiliation with notorious street gang substantially prejudice the jury's decision making determination by inferring defendant's predisposition of guilt by association, with nefarious street gangs criminal activities absent any reliable evidence of defendant's gang association, involvement, or affiliation whatsoever. In light of the severity of the Constitutional violations defendant cause should be reverse and remanded for a new trial.

**I.   Ground nine:**

> **THE COURT COMMITTED PLAIN ERROR IN ALLOWING
> HAYWOOD ROBINSON TO TESTIFY BEING FULLY AWARE
> OF HIS MENTAL CONDICTION AND FAILING TO MAKE
> A DETERMINATION WHETHER ROBINSON VOIR DIRE
> EXAMINATION RAISED SUBSTANTIAL QUESTION REGARD-
> ING HIS COMPETENCE AND HE SHOULD HAVE NEVER
> BEEN ALLOWED TO TESTIFY SIMPLY BECAUSE HIS TESTI-
> MONY WAS ESSENTIAL TO THE GOVERNMENT PROOF OF
> COUNT # I**

Mr. Robinson testified that he suffered from mental conditions since the age nine years old such as manic depression and paranoia; (2) that he used heroin, barbituates and other drugs and psychotropic drug since childhood because he hears voices that tells him to "kill kill, (3) that he receives treatment through medications in addition to daily use of heroin, marijuana since age 9, for depression; (4) Robinson further testified "he hate faggots and a lot of people"; (5) Robinson admitted breaking an inmate's jaw because he through he wanted to do something to him (have sex) with him; (6)Robinson's entire testimony depended on a series of leading questions and sufferd substantially for confusion regarding details of all aspects of the criminal events which he and other were involved; (7) the trial court knew of Robinson's severe mental condiction and ordered treatment so he could receive psychotropic medication he needed prior to trial unbeknownst to the defense counsels; (8) the trial court severely limited defense counsels from cross examination of Robinson regarding his mental condiction; (9) the trial court, in defense of Robinson"s confussed, irrational, and clearly incompeted voir dire, corrected and restructred his testimony seemingly to favor the prosecutor case.

**J.   Ground ten:**

> **DEFENDANT'S SENTENCE IS IMPROPER AND SHOULD BE VACATED
> AND SET ASIDE AND REMANDED FOR RESENTENCING WHERE THE
> JURY WAS GIVEN UNANIMITY INSTRUCTION BUT ONLY A GENERAL
> VERDICT FORM WAS GIVEN AND RETURNED AND WHERE THE SEN-
> TENCE EXCEEDS THE MAXIMUM SENTENCE FOR CONSPIRACY TO
> DISTRIBUTE A SCHEDULE I NARCOTIC.**

The trial court errored when it sentence Sammie Simpson using the statutory maximum sentence for crack rather than cocaine base or heroin where; (1) the jury returned a general guilty verdict on the charged conspiracy to distribute both cocaine base and heroin; (2) the indictment charged the defendant with conspiracy to distribute a Schedule I and II controlled substance without charging a threshold drug quantity as required to sentence the defandant under section 841 b (1)(A); the court should have sentence the defendant to a much shorter sentence where the verdict was merely general and not specific as the jury may have found only cocaine base or heroin in the conspiracy.

The harsh sentence substantially prejudice the defendant. The defendant Sammie Simpson sentence was never correctly calculated according to the statute, as well as under the United States Sentencing Guidelines. Mr. Simpson's sentence should be vacated and remanded for resentencing.

K.   GROUND  (1)    THE PETITIONER'S RIGHT TO CONFRONTATION WERE DENIED WHEN
THE GOVERNMENT WAS ALLOWED TO INTRODUCE TAPE RECORDINGS
OF TWO ALLEGED CONTROLLED BUYS WITHOUT PRODUCING THE
PARTICIPANTS FOR CROSS-EXAMINATION AND CONFRONTATION,
AND COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT AND
SEEK A MISTRIAL AND RAISE THE CLAIM ON DIRECT APPEAL.

During the direct examination of Agent ZAMBECK, the government
introduced two tape recordings of controlled buys between "St. Louis
Jimmy" and Burke MEANUS, and Burke Meanus and Haywoon ROBINSON. These
recordings occurred in the Chicago, Illinois area and were beyond the
Central District of Illinois' geographical jurisdiction. Further, these
recordings did not mention the petitioner herein, and were not the basis
for any of the counts charged in the indictment. During ZAMBECK's test-
imony, the government admitted the tapes and transcripts, then published
the transcripts and played the tapes for the jury. ZAMBECK described
the tape recordings and participants. Following ZAMBECK's testimony,
the government rested. Counsel did not object to the tapes on grounds
of impermissible hearsay or that the offenses were beyond the jurisdiction
of the trial court and were irrelevant to the offenses charged. Counsel
did not raise any issue regarding the tapes on appeal.

The Sixth Amendment Confrontation Clause guarantees that an accused
is allowed to confront and cross-examine his accusers at trial to put
the government's evidence to the adversarial test. In Crawford v.
Washington, 541 US ___, 158 L Ed 2d 177 (2004), the Supreme Court held
that the admission of a tape recording of the accused's wife in which
she implicated the accused was error when the wife was not called to
testify at trial. The Crawford court noted that the right to confrontation
extended back through history "to the Roman times," citing Coy v. Iowa,
487 US 1012, 1015 (1988). Further, in Lilly v. Virginia, 527 US 116
(1999), well before the petitioner's trial, the Supreme Court held that

the admission of an "accomplice's confession" which incriminated the
accused was error when the accomplice did not testify.

In the instant matter, the tape recordings and transcripts served
no purpose at trial other than to prejudice the petitioner by admission
of irrelevant hearsay, without confrontation, of events that occurred
beyond the court's jurisdiction and were not related to the charged
offense.

For all of these reasons, this court should vacate the convictions
of the petitioner and grant a new trial.

INEFFECTIVE ASSISTANCE

The trial record is clear that counsel did not object to the admis-
sion of the tapes and transcripts. Further, counsel did not raise this
claim on direct appeal. Thus, counsel was deficient as contemplated
in Strickland v. Washington.

As to prejudice, the record is clear that neither of the tapes
or the two transcripts had anything to do with the petitioner or the
charged offenses, and they were not part of any conspiracy. The admission
of the tapes served only to prejudice the jury against the petitioner
and violated his right to a fair and impartial jury trial. Without the
admission of the tapes, the government's cases rested solely on witness
testimony that was incredible before the jury as every witness for the
government, with the exclusion of agent and expert testimony, had entered
into a proffer agreement and/or been promised that charges would not
be brought. Further, the Sixth Amendment claim of confrontation denial
mandates that prejudice is presumed where the "only indicium of reliability
sufficient to satisfy constitutional demands is confrontation." Crawford,
158 L. Ed 2d at 203.

The law is clear that a petitioner has the right to assistance

on counsel on appeal. see Gray v. Greer, 778 F 2d 350 (7 Cir 1985), citing Evitts v. Lucy, 469 US 387 (1984). Further, the failure to raise a claim on direct appeal that is obvious and supported by the record is ineffective assistance. Gray v. Greer, 778 F 2d 350 (7 Cir 1985). Further, a claim that counsel was ineffective on appeal requires an evidentiary hearing and "plenary" review of the record to distinguish counsel's errors. Gray v. Greer, 800 F 2d 644 (7 Cir 1986)(**Gray II**).

Furthermore, the failure to object to inadmissible evidence is ineffective assistance of counsel. Clark v. Duckworth, 906 F 2d 1174 (7 Cir 1990). Failure to object to the admission of taped statements-confessions or to seek a cautionary/limiting instruction is ineffective assistance of counsel. Williams v. Washington, 59 F 3d 673 (7 Cir 1995); Virgin Islands v. Nicholas, 759 F 2d 1073 (3 Cir 1985); and Pinnell v. Cauthorn, 540 F 2d 938 (8 Cir 1976). Failure to object to hearsay evidence can be ineffective assistance of counsel. Gaines v. Thieret, 864 F 2d 402 (7 Cir 1988).

In the instant matter, Mr. Daneil's . never imposed an objection,, made a motion in Limine, or sought a cautionary instruction on the admission of the taped recordings. Clearly, counsel was deficient for not objecting at trial. As to prejudice, it is clear that the admission of the tapes and transcripts, in conjunction with ZAMBECK's testimony and descriptive narrative, prejudiced the jury against the petitioner. Without these tapes the government had no credible evidence against the petitioner being involved in a conspiracy.

For all of these reasons, this court should conduct an evidentiary hearing, find counsel was ineffective, and grant the petitioner a new trial.

L. ......  **12** COUNSEL WAS INEFFECTIVE WHEN FAILING TO CALL AN EXPERT
WITNESS AT TRIAL AND SENTENCING REGARDING THE GOVERNMENT'S
CLAIM THAT CRACK AND COCAINE BASE ARE SYNONYMOUS.

During trial, counsel stipulated that the controlled substance
seized was "crack" cocaine and heroin. Further, during trial the
government's witness testified, as an expert, that "Cocaine Base and
Crack are the same." (T-389).

The petitioner asserts that crack and cocaine base are not the
same and are easily distinguished. Counsel should have researched the
law, specifically Amendment 487 to the federal guidelines, which clearly
distinguishes crack from cocaine base. An expert witness in forensic
chemistry, in conjunction with a knowledge of federal law, would have
clearly established that the substance in question was not "crack" within
the meaning of the guidelines. Further, 21 USC §841(a)(1) does not provide
for "crack" in the statute, and the petitioner cannot be charged with
an offense that is not listed in the United States Code. Any issue in
regards to "crack" is solely a guideline issue to be raised at sentencing.
(Note: the "crack" cocaine ratio of 100/1 under USSG 2D1.1(c) is now
impermissible under Blakely v. Washington, 124 S. Ct. 2531 (2004) and
United States v. Booker, 375 F 3d 508 (7 Cir 2004) which mandates that
only a jury can make factual findings for sentencing purposes, and no
jury verdict finding a violation of 21 USC §841 and/or §846 can be based
upon "crack" as crack is not listed by Congress as a controlled substance.

The petitioner asserts that counsel was ineffective in failing
to retain and call an expert witness to rebut the government's false
claim that "crack" and cocaine base are the same. The failure to call
an expert witness is ineffective assistance of counsel. see Rogers v.
Israel, 746 F 2d 1288 (7 Cir 1984); Miller v. Wainwright, 798 F 2d 426
(11 Cir 1986). Furthermore, 18 USC §3006A provides that expert witness

fees will be paid by the government for indigent defendants who have counsel appointed. Mr. Daniel's  was appointed under §3006A, so there is no excuse or "stategic decision" not to retain and summon an expert witness.

For all of these reasons, counsel was ineffective and this court should vacate the convictions and sentences herein and order a new trial.

M.    GROUND  13    THE PETITIONER'S RIGHT TO A FAIR TRIAL WAS VIOLATED WHEN
                    THE GOVERNMENT DID NOT DISCLOSE MATERIALS THAT WERE SUB-
                    SEQUENTLY USED AT TRIAL.

During trial, Agent GETZ was permitted to testify after reading his "notes" taken during the investigation. (T-491). Specifically, these notes related to an alleged statement by the petitioner's codefendant Sammie SIMPSON. Further, GETZ characterized the statement as SIMPSON being "untruthful," and discontinued the interview.

Prior to trial during discovery proceedings, Agent GETZ's notes were not discovered to the petitioner or counsel. This evidence was put in front of the jury without permitting the petitioner or counsel to cross-examine GETZ as to his notes. The law is well settled that the Constitution requires discovery and disclosure of any materials that are substantially related to the guilt or innocence of a defendant and which can be used at trial to establish a defendant's innocence. Brady v. Maryland, 373 US 83 (1963). The failure to disclose agent GETZ's notes violated the petitioner's Constitutional rights and requires that the conviction and sentence be vacated and a new trial be granted.

INEFFECTIVE ASSISTANCE OF COUNSEL:

Prior to trial, counsel sought discovery via written motion and received a number of documents from the government. (The petitioner does not have those documents, nor has he reviewed them in their entirety. After having moved for disclosure of "agents notes," among other things, counsel failed to follow up on Agent GETZ's notes even after being made aware that GETZ had interviewed Sammie SIMPSON, the codefendant. Counsel's failure to follow up on the failure to disclose these notes was ineffective assistance and the petitioner was prejudiced at trial by his inability to effectively cross-examine and explore the alleged statement alluded to in GETZ's notes.

Had counsel pursued disclosure of the notes, or requested a break in the trial and immediate discovery, the petitioner would have been able to clarify and/or impeach Agent GETZ's testimony regarding the arrest and investigation of codefendant Sammie SIMPSON. Counsel's failure to do so prejudiced the petitioner by allowing evidence of an uncontested statement (admission) that Sammie SIMPSON had been involved in drug trafficking in the Chicago-land area. But for counsel's errors, this evidence would not have went in front of the jury and the petitioner would have likely been acquitted.

For all of these reasons, this court should vacate the conviction and grant a new trial.

**N.**   GROUND   14   COUNSEL WAS INEFFECTIVE WHEN FAILING TO PRESENT A VIABLE
DEFENSE TO THE JURY AND FAILED TO CALL ANY WITNESSES AS
REQUESTED BY THE PETITIONER.

During the trial in this matter, counsel failed to present any
defense at all. Counsel's only attempt at a defense was cross-examining
the government's witnesses and attcking their "credibility" to convince
the jury the petitioner was not in the charged conspiracy. However,
this defense failed for obvious reasons: counsel provided no reasoning
to disbelieve the government's witnesses, and several police officers
testified as to the events leading up to the petitioner's surveillance,
foot pursuit, arrest, and discovery of the only heroin and cocaine base
admitted at trial. In light of this damning evidence, counsel advised
the petitioner to proceed to trial, knowing full well that no viable
defense could be mounted that would lead to a judgment of acquittal.

Further, prior to trial, the petitioner discussed an alibi defense
with counsel and informed him that there were several family members
and friends who would willingly testify that the petitioner was not
in any conspiracy with the government's witnesses or other co-defendants
such as Sammie SIMPSON and Jerry MCGINNIS, and that in fact, Sammie
SIMPSON resided in Chicago (area) and worked as a free-lance auto
mechanic and truck driver at several trucking/freight companies including
Overnight Express, Beelman Trucking Co., etc.. Further, these witnesses
would have testified that the petitioner was gainfully employed as a
construction laborer at Woodrow Randall Construction Co. located in
Peoria. These witnesses, who were fully available to counsel, would
have established that the petitioner was gainfully employed, that Sammie
SIMPSON worked full time in Chicago and was not involved in any drug
conspiracy/trafficking between   Peoria and Chicago, and that Jerry MCGINNI
lived in Chicago and was employed full time as a print operator at a

local printing company in the Chicago area. During trial, counsel did not even attempt to establish whether or not any of the government's "cooperating witnesses" knew of the petitioner's employment, the residence and employment status of Sammie SIMPSON and MCGINNIS in Chicago, etc.. Counsel did not even lock the witnesses into any certain dates or places other than vague testimony that "it happened in Peoria... it was on the Northside (of Chicago)," etc., and "it was sometime in '98 or maybe '99." etc.. All of these facts establish that counsel did not present a defense, and that any cross-examination of the government's witnesses was ineffective in light of counsel's failure to explain to the jury why they were even at trial.

The failure to present a defense is ineffective assistance of counsel see Montgomery v. Peterses, 846 F 2d 407 (7 Cir 1988); and U.S. Ex. Rel. Patterson v. Neal, 678 F Supp 749 (N.D. Il.). Failure to offer any evidence at trial is ineffective assistance of counsel. U.S. Ex. Rel. Potts v. Chrans, 700 F Supp 1505 (N.D. Il. 1988). Failure to call any witnesses is ineffective assistance of counsel. White v. Godinez, 143 F 3d 1049 (7 Cir 1998). Failure to call witnesses and present a defense in ineffective assistance when there existed a probability that the result of the trial would have been different. Harris v. Reed, 894 F 2d 871 (7 Cir 1990). The failure to develop facts at trial is ineffective assistance. Rogers v. Israel, 746 F 2d 1288 (7 Cir 1984). The failure of counsel to put the government's evidence to a meaningful adversarial process is ineffective assistance of counsel. United States v. Cronic, 466 US 648 (1984); Patrasso v. Nelson, 121 F 3d 297 (7 Cir 1997).

In the instant matter, counsel did nothing at trial other than cross-examine the government's witnesses. Counsel's advice to proceed to trial was ineffectiveness in itself, as it placed the petitioner

at a 100% risk of being convicted based upon the testimony of the
arresting officers alone. Counsel should have advised the petitioner
to enter into plea negotiations and receive a reduction for acceptance
of responsibility and the right to argue against any proposed "relevant
conduct" at sentencing, which would have resulted in a substantially
less sentence. Counsel's failure to do so prejudiced the petitioner.
Counsel's failure to present a viable defense was ineffectiveness which
prejudiced the petitioner and resulted in a blanket jury verdict of
guilty.

Further, at sentencing, counsel failed to present a meaningful
defense to the government's allegations of drug quantity, and failed
to present any constitutional claims under Apprendi as to the drug
qunatites and sentence resulting in 262 months of imprisonment. Counsel
was clearly ineffective in failing to present a defense both at trial
and at sentencing.

For all of these reasons, this court should find counsel was ineff-
ective in failing to offer a defense and put the government's evidence
to a meaningful adversarial test and vacate the conviction herein and
order a new trial.

**O.** GROUND **15** THE SENTENCE IMPOSED VIOLATES THE SIXTH AMENDMENT UNDER Apprendi v. New Jersey AND Blakely v. Washington. AND COUNSEL WAS INEFFECTIVE WHEN FAILING TO OBJECT AND ARGUE THIS CLAIM AT SENTENCING AND ON APPEAL.

In the indictment filed in this matter, none of the three counts charged any drug quantities in the body of the indictment. Count I, the alleged conspiracy, charged "overt acts" alleging in excess of 50 grams of cocaine base (crack) and 1000 grams of heroin. Counts II and III did not charge any quantities of controlled substances. At trial, the government submitted proof of various (alleged) drug transactions involving cocaine case (crack) and heroin. During the jury instructions, the court instructed the jury to return a general verdict as to guilt, and also an interrogatory as to the "threshhold" amount of controlled substance found.

During sentencing, the district court did not make any specific findings as to drug quantities, but relied solely upon the pre-sentence investigation report. The petitioner was sentenced to a term of 262 months on Count one, , and the district court made factual findings and enhanced the sentence unlawfully under Apprendi v. New Jersey, 530 US 466 (2000). In particular, the district court made a finding that the offense involved a death, although the jury had acquitted the petitioner of the death of William GILLMORE, which increased the petitioner's base offense level to 38 under USSG 2D1.1. Further, the district court arrived at a level 36 based upon factual findings as to the drug quantities above and beyond what the jury found, by finding that the offense involved a kilogram or more of heroin and nine kilograms of crack cocaine. These factual findings that were used to enhance the petitioner's sentence violate the Sixth Amendment and Apprendi as explained in Blakely.

Further, the factual finding at sentencing that the cocaine base

involved was "crack" is unconstitutional under Blakely. As noted herein, 21 USC §841(a)(1) and §846 do not contain "crack" in the statute. Crack is solely a creature of the sentencing guidelines, which draws a distinction between cocaine base and "crack" in Amendment 487. Given that it is impossible for the government to charge and prove "crack" to the jury, Blakely forecloses any enhancement based upon the 100/1 ratio of "crack" versus "cocaine base" and the cocaine base must be treated as "powder cocaine" [cocaine hydrochloride] for purposes at sentencing.

Counsel did not object to the drug quantities and failed to assert a Sixth Amendment claim that drug quantity and type must be found by the jury under Apprendi, and that the application of the "crack" guideline was unconstitutional. Counsel's deficient performance prejudiced the petitioner under Glover v. United States, 531 US 298 (2001) in that the enhanced sentence of 262 months is nearly double what the petitioner would have received without the crack enhancement and relevant conduct findings.

For all of these reasons, counsel was ineffective in failing to object to the unlawfully enhanced sentence and the sentence imposed violates Apprendi and Blakely. This court should vacate the sentence imposed and resentence the petitioner in accordance with Blakely and Apprendi, or in the alternative vacate the conviction and grant a new trial for a determination on the amount of drug quantity involved in the charged offenses.

AG
REV 6/82

(e) On appeal  Spencer Daniels, Esquire

411 Hamiton Boulevard Suite 1708 Peoria Illinois 61602

(f) In any post-conviction proceeding  Pro Se in the instant proceedings.

(g) On appeal from any adverse ruling in a post-conviction proceeding

Pro Se in the instant proceedings.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

N/A

(b) Give date and length of the above sentence: _____

N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒   N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

12-27-04
(date)

_____
Signature of Movant

(7)

Prayer For Relief

Wherefore Petitioner **Sammie Simpson,** prays this Honorable
Court issu an order to vacate the judgement herein, appoint
competent counsel to represente the plaintiff. order an eviden-
tiary hearing by which adjudicate the aforementioned Constitutional
violations and the court grand any other relief as the court deems
just and proper in the spirit and intent of the law. The petitioner
also request that this Honorable court stamp a copy and send one
back as a receipt.

Respectfully submitted,

Sammie Simpson
Federal Correctional Institution
F.C.I. Greenville, P.O. Box 5000
Greenville, Illinois 62246


## DECLARATION UNDER PENALTY OF PRPERJURY

I declare under penalty of perjury that the aforementioned
statements are true and correct.

Sammie Simpson #20507-424
Federal Correctional Institution
F.C.I. Greenville, P.O. Box 5000
Greenville, Illlinois 62246

**SAMMIE SIMPSON #20507-424**
**FEDERAL CORRECTIONAL INSTITUTION**
**F.C.I. GREENVILLE, P.O. BOX 5000**
**GREENVILLE, ILLINOIS 62246**

1-9-05

United States District Court
For the central District of Illinois

**office of the court clerk**   (1)   Original   (2) copies

United States Courthouse
Joe Billy McDade (Chief Judge)
122 Federal Bldg.
100 N.E. Monroe
Peoria, Illinois 61602

Dear clerk,

Enclosed are one Orginal and two copies of my 2255 motion, would you file the motion and forward it to the Judge for reveiw. The Memorandum of Law supporting my factual contention is forth coming.

Thank you for your assistance in this matter.

Sincerely yours,

Sammie Simpson

CC/SS/iii