UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| SAMMIE J. SIMPSON, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 05-1010 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO PETITIONER'S § 2255 MOTION**

Now comes the United States of America, by and through its attorneys, Jan Paul Miller, United States Attorney, and Bradley W. Murphy, Assistant United States Attorney for the Central District of Illinois, and in response to the Petitioner's § 2255 Motion, states as follows:

A.  CASE HISTORY

    1.  District Court Proceedings

The petitioner was indicted and convicted for the offense of conspiracy, in violation of 21 U.S.C. § 846. (R.27,80,81)[1] On October 18, 2002, the petitioner was sentenced to 262 months imprisonment on the conspiracy charge. (R.108)

    2.  Appellate Review

The petitioner took a direct appeal, where his conviction and sentence were affirmed by the Seventh Circuit Court of Appeals on July 24, 2003. *See United States v.*

---

[1] References to the documents in the record are to the docket number on the district court's docket sheet, *e.g.,* "R.__".

1

*Simpson*, 337 F.3d 905 (7th Cir. 2003). In his appeal, the petitioner raised and the Court rejected several issues:

> a. The district judge biased the defense by taking an overactive role during the trial;
>
> b. The district judge erred in disallowing the use of certain impeachment of government witnesses;
>
> c. The district court erred when it denied a downward departure; and
>
> d. The district court imposed a sentence that was disparate to a co-defendant.

337 F.3d at 907-09.

3. Motion to Vacate

The petitioner brings a motion pursuant to 28 U.S.C. § 2255 in which he raises fifteen grounds to vacate, set aside, or correct his sentence. Each of those grounds should be denied for the reasons that follow.

B.   STANDARD OF REVIEW

1.   Relief under 28 U.S.C. § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994)(internal citations and quotations omitted). A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995).

2.   A petitioner is barred from raising in a § 2255 proceeding constitutional issues that could have been raised earlier unless he or she can show good cause and prejudice. *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988). Non-constitutional errors that could have been raised on appeal are barred in a §2255 proceeding, regardless of cause and

prejudice. *Id*. Therefore, a petitioner may not raise three types of issues: (1) issues that he or his attorneys raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been, but were not, raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, unless petitioner can show both good cause for, and prejudice from, the procedural default. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds, sub nom. Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

3. In order to prevail in his claim of ineffective assistance of counsel, the petitioner must show that his trial counsel's performance was objectively deficient and that the deficient representation caused prejudice to him. *United States v. Galbraith*, 313 F.3d 1001, 1008 (7th Cir. 2002) *citing Strickland v. Washington*, 466 U.S. 668, 688 (1984). In assessing counsel's performance, a court "evaluate[s] the conduct from counsel's perspective at the time, and must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991),*citing Strickland*, 466 U.S. at 689.

C.   ANALYSIS

1. GROUND ONE: The petitioner claims that he was prejudiced by the district court's failure to resolve disputed issues as to the drug overdose death and to append a copy of the court's determinations as required by Rule 32. The petitioner's contention that the district court did not resolve the dispute over the drug death is wrong.

The presentence report did attribute the drug overdose of William Gilmore to the conspiracy, despite the jury finding to the contrary. (R.99, p.14)  At the sentencing hearing,

petitioner's counsel objected (to the two additional levels for the overdose death), and the district court granted the objection, finding the base offense level to be 36 instead of 38. (R.99, Add.p.33) The district court not only resolved this dispute, but resolved it in the petitioner's favor. He can show no prejudice from the dispute being resolved favorably to him.

It is unknown to government counsel whether the district court appended a copy of the court's determination of this issue to the copy of the presentence report provided to the Bureau of Prisons, as required by Rule 32. *See* Fed.R.Crim.P. 32(i)(3)(C). A failure to do so, does not provide any relief to the petitioner. This portion of his claim is an example of a non-constitutional issue that was not raised, and therefore waived, on direct appeal. The petitioner cannot raise it in his § 2255 motion. Even if it had not been waived, it is not cognizable in a § 2255 motion. *See Hill v. United States*, 368 U.S. 424, 429 (1962)(violation of Rule 32(a) does not involve a fundamental defect which inherently results in a complete miscarriage of justice).

2.      GROUND TWO: The petitioner claims that he was denied a fair trial when the district court allowed the prosecution to ask leading questions during direct and cross examination. The claim is not specific as to any ruling by the court and is thus undeveloped. The petitioner provides no authority for his contention that it was error to ask leading questions on cross-examination. Ordinarily, leading questions are allowed on cross-examination. Fed.R.Evid. 611(c).

This claim is an example of a non-constitutional issue (an evidentiary ruling) that was not raised and therefore waived, on direct appeal. The petitioner cannot raise it in his § 2255 motion.

3.      GROUND THREE: The petitioner claims that he was prejudiced by the district

court's failure to comply with Rule 32. In an undeveloped argument, the petitioner faults the district court for failing to make an explicit factual finding as to drug types and quantities attributed to the petitioner. The petitioner's claim is wrong.

The district court did make findings as to all objections raised as to quantities of the drugs. (R.99, Add. pp.27, 30, 32-33) Contrary to the petitioner's claim, the district court did resolve the disputes as to drug quantities as required by Rule 32.

This claim is another example of a non-constitutional issue that was not raised and therefore waived, on direct appeal. The petitioner cannot raise it in his § 2255 motion. Even if he had not waived this issue, it is not cognizable in a § 2255 motion in any event. *See Hill*, 368 U.S. at 429. (violation of Rule 32(a) does not involve a fundamental defect which inherently results in a complete miscarriage of justice).

4.      GROUND FOUR: The petitioner claims that his sentence should be set aside because the district court failed to make a specific finding as to the drugs attributable to the petitioner. The petitioner is wrong.

The district court heard and considered an objection to ¶41 of the presentence report. That paragraph found that the petitioner was responsible for trafficking in excess of 10,000 kilograms of marijuana equivalent. (R.99, pp.9-14) The district court resolved the objections to the drug weight, finding a base offense level of 36. (R.99, Add. pp.32-33) That finding attributes more than 10,000 kilograms of marijuana equivalent to the petitioner. His assertion that no finding was made is false.

The petitioner's claim is an attack on the district court's method of applying the Sentencing Guidelines to his case. As such, he is trying to raise an issue which is not cognizable

5

in a § 2255 motion. Collateral attacks on the implementation of the United States Sentencing Guidelines are not generally permitted. *Scott v. United States*, 997 F.2d 340, 341-43 (7th Cir. 1993); *Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 1998).

5. GROUND FIVE: The petitioner claims that the indictment did not charge and the jury did not find a threshold drug quantity in violation of *Blakely v. Washington*. A review of the indictment shows that it alleged that the conspiracy "involved more than one kilogram of heroin" and "involved more than 50 grams of cocaine base (crack)". (R.27, p.3) The petitioner's assertion concerning the indictment is incorrect.

Likewise, a review of the verdict forms shows that the jury did determine the quantities of cocaine base (crack) and heroin beyond a reasonable doubt. The jury verdict found that the conspiracy involved "1 kilogram or more of heroin" and "50 grams or more of cocaine base (crack)". (R.81) The petitioner's assertion concerning the jury verdict is incorrect.

The petitioner's argument that his sentence violates *Blakely* is meritless. *Blakely* does not have retroactive application to § 2255 motions. *Simpson v. United States*, 376 F.3d 679 (7th Cir. 2004).

6. GROUND SIX: The petitioner claims that the district court erred when it enhanced petitioner's sentence for his role in the offense. In this argument, the petitioner quarrels with the district court's determination that he was an organizer or leader of the conspiracy. The petitioner is once again trying to raise an issue which is not cognizable in a § 2255 motion. Collateral attacks on the implementation of the United States Sentencing Guidelines are not generally permitted. *Scott*, 997 F.2d at 341-43; *Buggs*, 153 F.3d at 443.

The petitioner's argument that the adjustment for role in the offense violates *Blakely* is meritless, because *Blakely* does not have retroactive application to § 2255 motions. *Simpson v. United States*, 376 F.3d 679 (7th Cir. 2004).

7.  GROUND SEVEN: The petitioner claims that his attorney was ineffective for failing to object to drug quantities that were not found by the jury.[2] His true claim is that the jury did not find drug amounts beyond a reasonable doubt. A closer inspection of the verdict forms shows that the jury did determine the quantities of cocaine base (crack) and heroin beyond a reasonable doubt. The jury verdict found that the conspiracy involved "1 kilogram or more of heroin" and "50 grams or more of cocaine base (crack)." (R.81) The petitioner's claim that the jury did not make such findings is simply false.

His claim that his counsel did not object is also false. A review of the presentence report shows that the petitioner's attorney did object to the calculation of drug quantities in the report. (R.99; Addendum pp. 32-33) The district court heard and considered the objections to ¶¶36 and 41 of the presentence report. Those paragraphs found that the petitioner was responsible for trafficking in excess of 10,000 kilograms of marijuana equivalent. (R.99, pp.9-14) The district court resolved those objections to the drug weight, finding a base offense level of 36. (R.99, Add. pp.32-33) The objection by his counsel was denied.

8.  GROUND EIGHT: The petitioner claims that testimony by government witnesses that they had experience investigating gangs was prejudicial to his case. In this claim, the

---

[2] This issue, as with several that follow, are challenges to matters that are not proper in a § 2255 motion. Non-constitutional issues that could have been raised on direct appeal, but were not, cannot be raised in a § 2255 motion. *Norris v. United States*, 687 F.2d 899, 900 (7th Cir. 1982). The petitioner masks these non-cognizable issues with an allegation of ineffective assistance of counsel, but such allegation does not change the character of these claims.

petitioner again quarrels with the admission of evidence that he concedes was not intended to connect him with gang activities.

The import of the testimony was to establish either the expertise of a witness (R.145,p.389) or the employment position held by the witness at the time of his trial testimony. (R.144,p.354) None of this evidence linked or attempted to link the petitioner to gang-related activity. It was intended to bear on the credibility of the individual witness, which was an issue in the case. The petitioner can demonstrate neither error nor prejudice concerning the admission of the evidence.

This claim is another example of a non-constitutional issue (admission of evidence) that was not raised and, therefore waived, on direct appeal. The petitioner cannot raise it in his § 2255 motion without the meritless allegation that his attorney was ineffective.

9. GROUND NINE: The petitioner claims that the trial testimony of Haywood Robinson was not credible and the district court erred by allowing him to testify. In this claim, the petitioner does little more than quarrel with the weight given to the trial testimony of Robinson. Although far from glamorous, the testimony of Robinson painted an accurate picture of his many years of drug abuse and addiction. As a member of the conspiracy, Robinson's testimony was important. When he described the baggage that he carried from his involvement with drugs, Robinson was discrediting his own story. The petitioner was not prejudiced by the fact that Robinson discredited his own testimony.

This claim is another example of a non-constitutional issue that was not raised and therefore, waived, on direct appeal. The petitioner cannot raise it in his § 2255 motion.

10. GROUND TEN: The petitioner claims that his sentence was improper because the

jury returned only a general guilty verdict without finding a threshold drug quantity. This contention is false.

The jury found that the conspiracy involved "1 kilogram or more of heroin" and "50 grams or more of cocaine base (crack)". (R.81) The jury finding was based on similar allegations in the indictment. (R.27, p.3) The threshold finding was made by the jury beyond a reasonable doubt. Petitioner's argument to the contrary is simply wrong.

11.   GROUND ELEVEN: The petitioner claims the district court erred by admitting two tape recordings, and that his attorney was ineffective for failing to object and raise the claim on appeal. In this claim, the petitioner quarrels with the relevance of two tape recordings. One recording was of a controlled purchase from one of the conspirators, Burke Meanus. (R.145,pp. 509-12) The other tape was of a controlled purchase made by Meanus from Robinson, another member of the conspiracy. (R.145, pp.517-18) Meanus testified that on four or five occasions he received drugs from Sammie Simpson, which he conveyed to Levence Simpson. (R.143, p.124) Meanus claimed to be part of the conspiracy. The tapes were objective proof that Meanus was truthful when he said others were involved. The tapes were relevant and their admission was not error. The petitioner's attorney was not ineffective in failing to object to relevant evidence.

This claim is another example of a non-constitutional issue (an evidentiary ruling) that was not raised and, therefore waived, on direct appeal. The petitioner cannot raise it in his § 2255 motion without the meritless allegation that his attorney was ineffective.

12.   GROUND TWELVE: The petitioner claims that his attorney was ineffective for failing to call an expert witness to establish that cocaine base and crack are not synonymous. In this claim, the petitioner again quarrels with the evidence that the cocaine base in this case was

9

crack.

To establish that his attorney was deficient, the petitioner must show how the purported expert witness would have testified or how the witness could have changed the result in the case. *United States v. Anderson*, 61 F.3d 1290, 1298-99 (7th Cir. 1995). The petitioner has not shown that an expert was available or the import of the expert testimony. Having failed to establish either of these two propositions, therefore, he has failed to demonstrate any error by his attorney.

13.     GROUND THIRTEEN:  The petitioner claims that he was prejudiced when a witness was permitted to refresh his recollection from notes and his attorney was ineffective for failing to object to the procedure.  In this claim, the petitioner quarrels with the admission of evidence.

To prevail on this claim, the petitioner must show that the procedure of refreshing recollection was flawed.  He has not done so.  Indeed, refreshing recollection is specifically provided for by federal rule.  Federal Rule of Evidence 612 states that an adverse party is entitled to discovery of the writing (in this case - notes), only after it is used by the witness to refresh memory. Fed. R. Evid. 612.  The petitioner's assertion that the notes were withheld in discovery is incorrect.  The reports made from the notes were provided in discovery.  Until the notes were used to refresh memory, they were not required to be provided to the defense.

This claim is another example of a non-constitutional issue (admission of evidence) that was not raised and, therefore waived, on direct appeal.  The petitioner cannot raise it in his § 2255 motion without the meritless allegation that his attorney was ineffective.

14.     GROUND FOURTEEN: The petitioner claims that his attorney was ineffective

for failing to present a viable defense. The petitioner asserts this claim but does not establish that there was a viable defense.

The petitioner bears the burden of establishing that witnesses existed, and the substance of their testimony was known to the defense attorney. *United States v. Rodriguez*, 53 F.3d 1439, 1449 (7th Cir. 1995). The petitioner, however, does not identify a single witness or any proposed testimony that witness could provide. He has not submitted an affidavit from any potential witness who could have testified in his defense.

The government's case was overwhelming. Many co-conspirators testified against the petitioner. Fellow conspirators were caught "red-handed" with both heroin and crack cocaine.

Defense counsel made a credible, albeit unsuccessful, defense for the petitioner by cross-examining and arguing the credibility of the witnesses. There simply was not much more he could do. Under the circumstances, he was reasonably effective. Indeed, something the defense counsel said or did in the petitioner's behalf, saved the petitioner from a mandatory life sentence. The petitioner appears to forget that the jury was convinced to return a "not guilty" verdict with regard to the drug-induced death that would have mandated a life sentence. (R.82)

15.   GROUND FIFTEEN: The petitioner claims that his sentence violated *Apprendi* and *Blakely* and his attorney was ineffective for failing to object to the sentence.

At the sentencing hearing on October 18, 2002, the district court imposed a term of 262 months imprisonment on Count One, the conspiracy charge. (R.108) The finding by the jury (50 grams or more of crack cocaine) required a ten year mandatory minimum, and the district court's findings as to drug quantities enhanced the guideline minimum sentence to 262

11

months. (R.99, p.22) At the time of the petitioner's sentencing, *Apprendi* did not apply because the enhancement on Count One only changed the minimum, not the maximum sentence.

The district court was authorized by the verdict to sentence the petitioner to up to life in prison. The petitioner's attorney was certainly not ineffective for failing to make an *Apprendi* objection to a sentence for which *Apprendi* did not apply.

The petitioner's argument that his sentences violated *Blakely* is also doomed. *Blakely* does not have retroactive application to § 2255 motions. *Simpson v. United States*, 376 F.3d 679 (7th Cir. 2004). Again, the petitioner's attorney was not ineffective for failing to raise a *Blakely* objection, because *Blakely* was not decided (June 24, 2004) until well after the petitioner's sentencing hearing.

In the absence of *Apprendi* and *Blakely*, the petitioner cannot complain of his guidelines sentence on Count One because collateral attacks on the implementation of the United States Sentencing Guidelines are not generally permitted. *Scott,* 997 F.2d at 341-43; *Buggs,* 153 F.3d at 443.

D.     NO HEARING IS REQUIRED TO DISPOSE OF PETITIONER'S § 2255 MOTION

Evidentiary hearings are not required in § 2255 cases where there is no reason to suppose that a hearing would produce evidence justifying relief. *United States v. Taglia*, 922 F.2d 413, 419 (7th Cir. 1991). A hearing is warranted only if the petitioner alleges facts that, if proven, would entitle him to relief, *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995), but the Court may resolve the issues in a §2255 motion without a hearing where the factual matters raised may be resolved on the record. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). The petitioner herein has not pleaded facts justifying either a hearing or any relief.

**WHEREFORE**, the United States requests this Court to deny the petitioner's § 2255 motion.

          Respectfully submitted,

          UNITED STATES OF AMERICA

          JAN PAUL MILLER
          UNITED STATES ATTORNEY

          **s/: BRADLEY W. MURPHY**
          BRADLEY W. MURPHY
          Assistant United States Attorney
          Office of the United States Attorney
          One Technology Plaza - Suite 400
          211 Fulton Street
          Peoria, Illinois 61602
          Telephone: 309/671-7050

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 21, 2005 I electronically filed the foregoing **RESPONSE TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BROUGHT PURSUANT TO 28 U.S.C. §2255** with the Clerk of the Court using the CM/ECF system. Service has also been made on the petitioner by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

                Sammie J. Simpson, Jr.
                #20507-424
                FCI Greenville
                Post Office Box 5000
                Greenville, IL 62246-5000

<u>March 21, 2005</u>        <u>s/Diane Hayes</u>
Date                        Paralegal Specialist