E-FILED
Friday, 08 April 2005 02:34:22 PM
Clerk, U.S. District Court, ILCD


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

SAMMIE SIMPSON,

    Petitoner.

-VS-

Case No: 1:05-cv-1010
Honorable Judge,
Joe Billy McDade

UNITED STATES OF AMERICA.

    Respondent.

**DISCOVERY WITH MEMORANDUM OF LAW IN SUPPORT OF BRIEF**

Petitioner, Sammie Simpson, pro se, moves this Honorable Court pursuant to 28 U.S.C. § 2255 Rule 6, the due process clause of the 5th and 14 Amendment to the Constitution of the United States, and Brady v. Maryland, 373 U.S. 83 (1963), to order the Government to produce for inspection and copying the following which are known to be or are in the possession of the Government or any of its agents or which through due diligence would become known from the investigating officers, or witnesses or person having knowledge of this case.

1) Grand Jury Testimony Transcript

Request: The transcript of testimony given by any person before the grand jury in this cause, including but not limited to, the precise nature of any statement attributable to the petitioner.

1:05-cv-01010-JBM    # 10    Page 2 of 7

Authority: The transcript of testimony of the individual who testified before the grand jury in this case which is requested herein is or was discoverable pursuant to F.R.Cr. ..P. 16(A)(1)(C), since the transcripts are "documents" under the Rule. U.S. V. Hughes, 413 F. 2d 1244, 1255-57 (5th Cir. 1969), vacated as moot, sub nom., U.S. V. Grifford-Hill- America, 90 S. Ct. 815 (1970).

Any discovery of the recorded testimony of witnesses other than the defendant may be discoverable pursuant to Rule 6(E) F. R. Cr. P., whcih expressly provides such grand jury testimony.

Grand jury testimony should be disclosed anytime the government demonstrates no need for secrecy and the petitioner shows semblance of need. Nolan V. U.S., 395 F. 2d 283,286 (5th Cir. 1968). In this case, the grand jury witnesses could possible be a defense witness.

The government's case may depend and be intiated by oral unrecorded allerations or unreliable persons. The testimony regarding the substance of those statements is necessary to adquately prepare and establish the ineffective claims and the other claims which I have pending with this Honorable Court. "Where the question of guilt or innocence may turn on exactly what was said, the defendant is clearly entitled to all relevant and which is reasonable available to ascertan the precise substance of the statements". Dennis V. U.S., 384 U.S. 855,872-873 (1966).

2). Informant's mane, identity and whatever statements they made to FBI,DEA,ATF, and any of the local police.

Requested; The name and identity of informants that gave statements but never testified. (possibly testified before the grand jury).

Testimony provided by F.B.I. agents. Police officers as to what informants or other cooperating witnesses said to them or testified in front of the grand jury, but did not testify themselves at trial but was utilized to further the investigation, and to enhance the drug amounts for sentencing purposes.

Authority: The name of informant that testied before grand jury.., who gave information leading to the arrest and/or indictment of Petitioner as well as whether said informant is a witness to or has knowledge of facts relevant to the case and issues at bar." U.S. V. Barnes, 486 F. 2d 776 (8th Cir. 1973). See also Rouiaro V. U.S., 353 53,64 (1967); Lopez-Hernandez V. U.S., 394 F. 2d 820 (9th Cir. 1968); U.S. V. Silva, 580 F. 2d 144 (5th Cir 1978); U.S. V. Ayala, 643 F. 2d 244 (5th Cir. 1981).

The informant's level of involvement with the criminal activity is an important consideration. Sunrez V. U.S., 582 F. 2d 1007, 1011 (5th Cir. 1978); Alvarez V. U.S., 525 F.2d 980, 982 (5th Cir.)cert denied, 425 U.S. 995 (1976). The more active the informant's participation, the greater the need of the informant's identification. U.S. V. Gonzalas, 606 F. 2d 70 (5th Cir. 1979).

Even when the informant was not an integral member of the criminal activity, his identity may be required where he was more than "passive observer" or tipster. Ayala, 643 F. 2d at 246. (Where female informer "arranged the intial meeting; acted as an intermediary relaying messages" and was also present at each meeting.")

3). Exculpatory Evidence

Request: Any and all material known to the Government or which may become known or which through due diligence may be learned from the investigating officer or agency or persons with knowledge of this case.

Authority: The limits of discovery in federal criminal cases have expanded during recent years in large part because of the liberalization of Rule 16 of the Federal Rules of Criminal Procedure and increasinly expansive view appropriate criminal discovery by the United States Supreme Court. In Dennis V. U.S., the Court held: [I]t is especially important that the defense, the judge and the jury should have assurance that the doors that may lead to truth have been unlocked. In our adversarial system for determining guilty or innocence, it is rarely justifiable for the prosecution to have exclusive access to the storehouse of relevant facts. Id. 384 U.S. 855,873 (1966).

This sentiment was echoed in Wardius V. Oregon, as the Court spoke favorably of the proposition that the ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their case and thereby reduces the possibility of surprise at trial... The growth of such discovery devise is a salutary development which, by increasing the evidence available to both parties, enhances the fairness of the adversarial system. Id., 412 U.S. 470,473-74 (1973).

"The suppression by the prosecution of evidence favorable to an accused on request violated due process where the evidence is material either to guilt or punishment,irrespective of the good or-

bad faith of the prosecution." **Brady V. Maryland**, 373 U.S. 83, 104 (1963). Brady places the obligation to come forward with such evidence on the independent counsel in the first instance. **Giglio V. U.S.**, $)% U.S. 150,154 (1972). The performance of this obligation is required by the Fifth Amendment's guarantee of due process. Brady, 373 U.S. 83. The prosecuting attorney is charged with knowledge of the significance of evidence in its actual or constructive possession "even if it has actual overlooked it" U.S. V. Agurs, 427 U.S. 97, 110 (1976).

**By this motion, the petitioner requests all evidence of any kind and that may be arguably favorable to him. This request includes, but is not limited to, the following:**

1). Tangible evidence, form302 and handwritten rough notes taken by the investigating agent, agency's involved in the investigation of Petitoner from or about the beginning of 1997, and to the present time that the petitioner was incarcerated.

2). Informal Statements made by government witnesses, or agents.

3). Unindicted Co-Conspirators statements and Co-Conspirators statements.

4). Names or statements of witnesses or person not called as witnesses, but who have knowledge and been in contact with the government or its agent.

5). Copies of and video tapes of recorded conversations with informants from 1997, to the present time, any transations that took place with any of the defendants.

6). Lab reports or the substance obtained from the defendant Levence Simpson on the date of his arrest. (and the amount of drugs that was on his possession)

7). The petitioner seeks for this Honorable Court to show what amount of controlled substance was presented to the grand jury. The petitioner further request that this Honorable Court to **clarify** what amound [Amount] of controlled substance did the grand jury found [Find], and the identity of the controlled substance that was found by the grand jury. (if any) In order to place the defendants in the statute 841 (b)(1)(A).

8). The defendant will also be asking this Honorable Court was the death of **William Gilmore,** submitted to the grand jury, the reason that the petitioner seeks this information is because he can prove that the government constructive amended the indictment.

9). The total amount of drugs that government had in its possession was 3.5 grams of cocaine base (crack) and 2.5 grams of heroin.

10). The petitioner can show that the government never met the Threshold requirerment that they needed to expose the defendants to a mandatory minimum sentence of 10 years to life. The petitioner Sammie Simpson, will prove that his mandatory minimum was never 20 years to life.

11). The petitioner will show in the records that this Honorable Court was mis-lead by the probation officer. when she stated that the defendant mandatory minimum sentence is 20 years to life. ( Sentencing transcripts pagr #    line   ,    , ).

12). Any promises or acts by the government be it financial or not to prosecute any of its witnesses or person who provided information on petitioner.

13. Geraldine Boone, is the aunt of Sammie, and Levence Simpson, who is the mother of Derick Boone, Shawn Boone, who most likkely tesified before the grand jury, she was in Jerry McGinnis Presentence Report where she made statement. This information was withheld from the defendant's and the petitioner Sammie Simpson request that this Honorable Court verify if Geraldine Boone, Shawn Boon, Derick Boone made before the grand jury or made statement to FBI or DEA or local police.

14. The Petitioner can show that St. Louis a/k/a (named unknown) was paid by the F.B.I. and the he testified falsely before the grand jury, because he was being paid form the government. The Petitioner has dhown that a ground exist to dismiss the indictment because of matters that occurred before the grand jury.