E-FILED
Monday, 03 October, 2005  12:28:55 PM
Clerk, U.S. District Court, ILCD

FILED
OCT 3 - 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SAMMIE J. SIMPSON, JR.           )
    Petitioner,                  )   Case No. 05-1010
                                 )
v.                               )
                                 )
UNITED STATES OF AMERICA         )
    Respondent.                  )

PRO SE

PETITION TO CLARIFY ISSUE PRESENTED IN MOTION
FILED PURSUANT TO TITLE 28 UNITED STATES CODE, SECTION 2255

COMES NOW THE PETITIONER, SAMMIE J. SIMPSON, JR., in pro se, and respectfully prays this Honorable Court enters and grants the instant petition to clarify an issue presented in his 28 United States Code, Section 2255 motion.

Specifically, the petitioner seeks to clarify both the constitutional claim, and argument, concerning ground four, which is a claim that the petitioner was sentenced in violation of the Fifth and Sixth Amendments to the United States Constitution when the district court found by a preponderance of the evidence that the petitioner was convicted of a conspiracy involving an amount of drugs subjecting the petitioner to more than twenty years although no amount of controlled substance was alleged in the indictment.

In support of the instant petition, the petitioner would represent the following to the Court;

## STATEMENT OF CASE
## AND RELEVANT FACTS

As this Honorable Court is aware, the petitioner herein, was charged in count one of a Superceding indictment, which charged him with conspiracy to violate title 21 United States Code, Section 841(a).

Specifically, the indictment charged that;

> "Beginning during 1997, and continuing to the present, in the Central District of Illinois and elsewhere,
> SAMMIE J. SIMPSON, JR., AKA WESTSIDE,
> JERRY E. MCGINNIS, AKA DOC,
> HAYWOOD D. ROBINSON, AKA WOODS, AND
> LEVENCE SIMPSON,
> the defendants herein, did knowingly conspire, confederate, and agree with each other and with others whose names are known and with persons whose names are unknown to the Grand Jury, commit acts in violation of the laws of the United States, to wit; to knowingly distribute heroin, a Schedule I controlled substance, and to knowingly distribute cocaine base (crack), a Schedule II controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)."

And while the indictment went on to allege specific overt acts supposedly associated with the charged conspiracy, these allegations were mere surplusage according to the United States Supreme Court decision rendered in **United States v. Shabani**, 513 US 10 (1994) ("Proof of an overt act is not required to establish a violation of the drug conspiracy statute...").

Exs. 1-4

The petitioner, however, was subject to the district court judge's determination (using a preponderance of the evidence standard) as to how much controlled substance the petitioner was convicted of conspiring to distribute, at sentencing.

2

Utilizing the protections provided pro se petitioner's, the petitioner relied on the United States Supreme Court decision of **Haines v. Kerner**, 404 US, 519, 30 L.Ed.2d 652, 92 S.Ct. 594, when presenting his motion under title 28 USCS 2255.

The petitioner, perhaps inartfully, pleaded/claimed that he was sentenced in violation of the Fifth and Sixth Amendments to the United States Constitution when the district court, at sentencing, used a preponderance of the evidence to sentence him for an offense he was neither charged with nor convicted of violating.

The petitioner, as plainly as possible, argued that counsel rendered ineffective assistance of counsel, in light of the **Apprendi** decision (**Apprendi v. New Jersey**, 120 S.Ct. 2348 (2000)), by the U.S. Supreme Court that any fact other than a prior conviction must be charged in the indictment, presented to the jury and proven beyond a reasonable doubt before a defendant can face an enhanced statutory penalty.

The Court ruled that a legislature cannot permit a judge to make the aggravated findings by using a preponderance of the evidence standard at sentencing, in light of the Sixth & Fourteenth Amendments to the United States Constitution.

In light of the **Apprendi** decision, supra, the United States Court of Appeals for the Seventh Circuit has ruled that before a federal court can sentence a defendant to more than twenty years authorized by 21 USCS 841(b)(1)(C), the aggravating amount of controlled substance must fit the **Apprendi** requirements. See **United States v. Nance**, App No. 00/1836 (7th Cir 2000).

In this latter case/decision, the Seventh Circuit overruled

3

The petitioner does not doubt that any third year law student can see he clearly has a so called **Apprendi** argument, but the petitioner is not a law student and does not profess to possess the knowledge needed to argue law.

However, should the court decide this petitioner's Fifth and Sixth Amendment arguments are in error, technically, this petitioner seeks to have the court follow the **Kerner** decision to the limits.

Alternatively, the petitioner seeks a thirty day continuance in order to perfect his **Apprendi** argument/ineffective assistance of counsel claim as the sentence he is currently being forced to suffer under was imposed in violation of the United States Constitution.

For the record, the petitioner would like to clarify to the court, however, that he is claiming in his section 2255 motion that he was sentenced in violation of the Fifth and Sixth Amendments when the district court used a preponderance of the evidence to find that he was convicted of an aggravated crime under 21 USCS 841 than that charged.

Further the petitioner sayeth naught.

Submitted this 27th day of September, 2005.

*[signature]*

REG. NO. 20507-424
P.O. Box 5000
GREENVILLE, IL
62246

prior caselaw which had held that drug quantity was not an element of the offense involving title 21 offenses

The Seventh Circuit after **Apprendi** agreed with its sister circuits and followed the principle/rule that any fact that increases the penalty for an offense (including drug offenses) above that authorized by 21 USCS 841(b)(1)(C) must be charged submitted to a jury and proven beyond a reasonable doubt;

> **"We agree with our sister circuits that Apprendi indeed requires to overrule that part of our Jackson (United States v Jackson 207 F 3d 910(7th Cir 2000)) decision that concluded that drug quantities under [21 USC] Section 841(b) are always a sentencing factor "** Id

As the **Apprendi** decision was available to trial counsel at the time of sentencing and on appeal. the petitioner attempted to present his claim as that of ineffective assistance of counsel when presenting his section 2255 motion.

When reviewing the government s response to his section 2255 motion, however, the petitioner found that the government was attempting to claim that this petitioner was arguing that the district court never made any specific findings concerning the drug amount involved in the alleged charge

The petitioner seeks in the instant petition to clarify that the government is misguided in their response.

The petitioner claims that the district court did not have the authority, in light of the **Apprendi** decision, to make the findings it did, at sentencing, in order to achieve a sentence higher than twenty years imprisonment in light of the indictment's failure to allege at least 5 grams of cocaine base or 50 grams of cocaine base as being involved in the alleged crime.

4

## CERTIFICATE OF SERVICE

I, **SAMMIE J SIMPSON JR**, do certify that a copy of the foregoing petition was mailed to the US Attorney for the Central District of Illinois first class postage attached this 27th day of September 2005

                                                  Signed



IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

FILED
AUG 1 5 2001
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Criminal No. 01-10038
) VIO: Title 21, United States Code,
SAMMIE J. SIMPSON, JR. AKA WESTSIDE, ) Sections 846 and 841(b)(1)(A),
JERRY E. MCGINNIS, AKA DOC, ) and 841(a)(1) and 841(b)(1)(C)
HAYWOOD D. ROBINSON AKA WOODS, )
and LEVENCE SIMPSON, )
)
Defendants. )

### SUPERCEDING INDICTMENT

The Grand Jury charges:

### Count 1
(Conspiracy)

Beginning during 1997, and continuing to the present, in the Central District of Illinois

and elsewhere,

**SAMMIE J. SIMPSON, JR., AKA WESTSIDE,
JERRY E. MCGINNIS, AKA DOC,
HAYWOOD D. ROBINSON, AKA WOODS, AND
LEVENCE SIMPSON,**

the defendants herein, did knowingly conspire, confederate, and agree with each other and with

other persons whose names are known and with persons whose names are unknown to the Grand

Jury to commit certain acts in violation of the laws of the United States, to wit: to knowingly

distribute heroin, a Schedule I controlled substance, and to knowingly distribute cocaine base

1

Ex-1

(crack), a Schedule II controlled substance in violation of Title 21, United States Code, §§841(a)(1) and 841(b)(1)(A),

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objectives of distributing heroin, the defendants and other persons whose names are known and with persons whose names are unknown to the Grand Jury, did commit overt acts, including but not limited to the following:

A. During the period of the conspiracy, members of the conspiracy would obtain heroin and crack cocaine;

B. During the period of the conspiracy, members of the conspiracy would transport the heroin and crack cocaine from locations outside of the Central District of Illinois into the Central District of Illinois;

C. During the period of the conspiracy, members of the conspiracy would weigh and repackage the heroin and crack cocaine;

D. During the period of the conspiracy, members of the conspiracy would distribute the heroin and crack cocaine;

E. During the period of the conspiracy, members of the conspiracy would collect money from the sale of the heroin and crack cocaine;

F. During the period of the conspiracy, members of the conspiracy possessed drug paraphernalia used in the drug trafficking business, including but not limited to scales, cutting agents, and packaging material;

G. During the period of the conspiracy, members of the conspiracy stored heroin and crack cocaine;

2

Ex-2

  H. During the period of the conspiracy, members of the conspiracy met to arrange the distribution of heroin and crack cocaine, to distribute heroin and crack cocaine, and to receive money from the sale of heroin and crack cocaine;

  I. During the period of the conspiracy, members of the conspiracy possessed United States currency for use in the drug trafficking operation;

  J. During the period of the conspiracy, members of the conspiracy rented motel rooms for use in the drug trafficking operation;

  K. This conspiracy involved more than 1 kilogram of heroin;

  L. This conspiracy involved more than 50 grams of cocaine base (crack); and

  M. This conspiracy involved the death of a person resulting from the use of heroin and crack cocaine.

All in violation of Title 21, United States Code, §§846 and 841(b)(1)(A).

### Count 2

On or about May 18, 2000, in Peoria County, within the Central District of Illinois,

**LEVENCE SIMPSON,**

the defendant herein, did knowingly possess cocaine base (crack), a Schedule II controlled substance, with intent to distribute.

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

3

Ex-3
3

### Count 3

On or about May 18, 2000, in Peoria County, within the Central District of Illinois,

**LEVENCE SIMPSON,**

the defendant herein, did knowingly possess heroin, a Schedule I controlled substance, with intent to distribute.

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

A True Bill.

*[signature]*
Foreperson

*[signature]*
FRANCES C. HULIN
UNITED STATES ATTORNEY
BWM

4

Ex-4
4