E-FILED

Friday, 11 January, 2008  10:26:32 AM

Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| SAMMIE J. SIMPSON, JR. ) | |
| ) | |
|     Petitioner, ) | |
| ) | No. 1:05-cv-01010 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
|     Respondent. ) | |

## O R D E R

Before the Court is Petitioner Sammie J. Simpson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1], the Government's Response [Doc. 6], and Petitioner's Reply [Doc. 13].  For the reasons that follow, Petitioner's § 2255 Motion is DENIED.

## I.
### BACKGROUND

On July 7, 2001, Petitioner was indicted in the Central District of Illinois.  He was charged with the offense of conspiracy to distribute narcotics in violation 21 U.S.C. § 846.  Petitioner was found guilty at trial and on October 18, 2002 was sentenced to 262 months imprisonment.

Petitioner took a direct appeal and raised the following four issues: (1) This Court biased Petitioner's defense by taking an overactive role during the trial; (2) This Court erred

in disallowing the use of impeachment of certain government witnesses; (3) This Court erred when it denied a downward departure; and (4) This Court imposed a sentence that was disparate to the sentence imposed on a co-defendant.  The Seventh Circuit Court of Appeals rejected all four arguments, and Petitioner's sentence and conviction were affirmed on July 24, 2003.  See United States v. Simpson, 337 F.3d 905 (7th Cir. 2003), cert. denied, 540 U.S. 1128 (2004).  Petitioner now seeks relief under 28 U.S.C. § 2255.

## II.
## LEGAL STANDARD

The Court must grant a § 2255 motion whenever a defendant's sentence was imposed in violation of the Constitution or laws of the United States.  28 U.S.C. § 2255.  Relief under § 2255 is reserved for errors of law that are jurisdictional, constitutional, or constitute a fundamental defect which inherently results in a complete miscarriage of justice. Barnickel v. United States, 113 F.3d 704, 705 (7th Cir. 1997). Habeas corpus relief under § 2255 is granted only in extraordinary circumstances.  Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996).  A § 2255 motion is properly denied without an evidentiary hearing when "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."  28 U.S.C. § 2255.

Furthermore, a § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal.  Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995).  In a § 2255 motion, a Petitioner cannot raise constitutional issues that he could have but did not raise on direct appeal unless he can show good cause for and actual prejudice from his failure to raise them on appeal, or unless failure to consider the claim would result in a fundamental miscarriage of justice.  Massaro v. United States, 538 U.S. 500, 504 (2003); Fountain v. United States, 211 F.3d 429, 433 (7th Cir. 2000).  Non-constitutional errors that could have been raised on appeal are barred in a § 2255 proceeding, regardless of cause and prejudice.  Lanier v. United States, 220 F.3d 833, 842 (7th Cir. 2000).

**III.**
**ANALYSIS**

Petitioner filed a lengthy Motion and Reply Brief containing fifteen grounds for relief under § 2255.  The fifteen arguments are summarized and listed as follows:

1. This Court violated Federal Rule of Criminal Procedure 32 by failing to correct a presentence report that attributed an overdose death to Petitioner;

2. This Court erred in allowing the Government to lead witnesses;

3. This Court failed to resolve factual disputes concerning drug types and quantities;

3

4.  This Court failed to make a specific finding as to which drugs were attributable to Petitioner for sentencing purposes;

5.  This Court failed to charge Petitioner with a specific threshold drug quantity in violation of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004);

6.  Petitioner's counsel was ineffective for failing to object to Petitioner's enhanced sentence for acting as a leader in the relevant conspiracy and this Court erred for enhancing the sentence;

7.  Petitioner's counsel was ineffective because his attorney failed to object to the type and quantity of the drugs listed in his presentence report;

8.  Petitioner's counsel was ineffective and his case was prejudiced because of unopposed testimony that implied that Petitioner was involved in gang activity;

9.  This Court erred by allowing an incompetent witness to testify;

10. Petitioner received an improper sentence because of errors in the jury form and because his sentence exceeds the maximum sentence for his crime;

11. Petitioner counsel was ineffective and Petitioner was denied his right to confrontation because tape recordings were played at his trial and his counsel did not object to the recordings;

12. Petitioner's counsel was ineffective because his attorney did not call an expert witness to challenge the government's claim that "crack" and "cocaine base" are synonymous;

13. Petitioner was denied his right to a fair trial because the Government did not disclose material that were used at trial;

14. Petitioner's counsel was ineffective for failing to call witnesses which Petitioner requested be called at trial; and

15. Petitioner's sentence violates the Sixth Amendment under <u>Blakely</u>, 542 U.S. 296.

However, none of Petitioner's arguments have any merit. Petitioner's second and ninth grounds for relief are not viable grounds for relief because these arguments were raised on appeal.  Petitioner's first, third, forth, fifth and seventh arguments are not viable because they are flatly contradicted by the record.

Petitioner's puts forward several claims that his counsel was ineffective, including his sixth, eighth, eleventh, twelfth, thirteenth, and fourteenth list grounds.  These claims are without merit because Petitioner has not satisfied the standard for ineffectiveness under <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984).

Petitioner's remaining alleged constitutional violations (his tenth and fifteenth list grounds for relief) are not viable because they do not meet the relevant standards set under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).

**A.    ARGUMENTS WHICH WERE OR SHOULD HAVE BEEN RAISED ON APPEAL.**

Petitioner cannot raise two of his arguments herein because he argued essentially the same claims during his direct appeal. On appeal, Petitioner argued that this Court prejudiced his

defense by taking an overactive role during the trial.[1]    In the present § 2255 motion, Petitioner asserts: (1) that he was denied a fair trial because the trial judge overruled "countless objections" to the government leading its witnesses by defense counsel, and (2) this Court prejudiced his defense by preventing further inquiry into a witness's mental states.

These claims are virtually identical to the claims the Seventh Circuit rejected at Petitioner's direct appeal. On appeal Petitioner argued that this Court took an overactive role at trial and this argument was rejected. Simpson, 337 F.3d at 907-908. Petitioner likewise argued on appeal that this Court erred by disallowing the use of prior bad acts to impeach one government witness. Now Petitioner argues that he should have been allowed to use different bad acts such as drug use to impeach a different witness regarding his mental state.

Petitioner is not allowed to raise claims he made or could have made on direct appeal in a § 2255 motion. See Olmstead, 55 F.3d at 319 (a § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal). Since these arguments have either already been considered or could have been considered on appeal, they are not valid grounds for relief under § 2255.

---

[1] On appeal, Petitioner specifically complained of this Court interrupting counsel to clarify points, admonishing counsel for asking questions that had already been answered, and other claims along the same lines. Simpson, 337 F.3d at 907.

**B.   ARGUMENTS THAT ARE FLATLY CONTRADICTED BY THE RECORD.**

Petitioner also makes a number of arguments that are contradicted by the record.  Specifically, Petitioner argues: (1) The District Court failed to resolve disputes as to the drug quantities and identities attributable to Petitioner, and as a result Petitioner's sentence was based on inaccurate information; (2) Counsel was ineffective for failing to object to the drug quantities and identities listed in the presentence investigation report; (3) Counsel was ineffective for failing to request a verbal or written finding as to the drug quantities and identities attributed to Petitioner; and (4) Counsel was ineffective for failing to object to the additional offense levels attributed to Petitioner for an overdose death. These claims are dismissed because they are contradictory to the record.

First, the court did resolve all disputes on drug quantities and identities, and counsel did object to the presentence report.  Specifically, this Court heard and considered an objection by counsel to ¶¶ 36 and 41 of the presentence report.  Those paragraphs of the presentence report indicated Petitioner was responsible for trafficking in excess of 10,000 kg of marijuana equivalent.  (Tr. at 99, pp.9-14.) The District Court then resolved the drug dispute after the objection, finding a base offense level of 36, which attributes

7

more than 10,000 kg of marijuana equivalent to Petitioner. Counsel's objection effectively acted as a request for the Court to resolve any disputes and finalize all findings on drug quantities and identities.

Next, Petitioner argues his sentence was improper because the jury returned only a general guilty verdict without finding a threshold drug quantity.  However, the jury specifically found the conspiracy involved "1 kilogram or more of heroin," and "50 grams or more of cocaine base (crack)."  (Tr. at 81.)  The finding was based on similar charges which were specifically laid out in the indictment.  (Tr. at 27, p.3.)  A Court need not hold an evidentiary hearing and may dismiss a ground for relief when the ground is flatly contradicted by the record.  See e.g. Faulisi v. Daggett, 527 F.3d 305, 308 (7th Cir. 1975).

Finally, Petitioner argues that his Counsel was ineffective for failing to object under Rule 32 of the Federal Rules of Criminal Procedure to the additional offense level which was attributed to Petitioner as the result of an overdose death. First, it should be noted that a failure to comply with Rule 32 is not a grounds for a collateral attack on a sentence.  Hill v. United States, 368 U.S. 424 (1962).  However, in this case Petitioner's claim is dismissed because his Counsel did object and this Court sustained the objection.  As a result, Petitioner's base offense level was reduced from 38 to 36.  (R.

at 99.)  It is absurd to consider that Petitioner's counsel was ineffective when he not only objected, but also prevailed on the issue.

**C.   INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS**

Petitioner raises throughout his petition and response a number of ineffective assistance of counsel claims on which he seeks relief pursuant to § 2255.  Specifically, Petitioner argues: (1) Counsel was ineffective for failing to challenge the sufficiency of the indictment; (2) Counsel was ineffective for failing to argue petitioner's role in the conspiracy; (3) Counsel was ineffective for failing to object to certain testimony from government witnesses; (4) Counsel was ineffective for failing to call expert witnesses to establish that cocaine base and crack are not synonymous; (5) Counsel was ineffective for failing to object when a witness was permitted to refresh his recollection from notes that were allegedly not disclosed in discovery; (6) Counsel was ineffective for failing to present a meaningful defense; (7) Counsel was ineffective for failing to object to the government's use of leading questions during direct and cross-examination; and (8) Counsel was ineffective for failing to object to the admission of two tape recordings of controlled purchases made by other conspirators.

Claims of ineffective assistance of counsel are governed by the two-pronged test set forth in Strickland v. Washington, 466

U.S. 668, 688 (1984).  In order to prevail on an ineffective assistance of counsel claim, a petitioner must show: (1) that his trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that the deficiency prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 688 (1984); United States v. Galbraith, 313 F.3d 1001, 1008 (7th Cir. 2002).  A petitioner bears a heavy burden in satisfying the elements of the Strickland test because it is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." United States v. Shukri, 207 F.3d 412, 418 (7th Cir. 2000).  To satisfy the first prong of the Strickland test, the petitioner must point to specific acts or omissions of his counsel.  Fountain, 211 F.3d at 434.  The Court must then consider whether, in light of all of the circumstances, counsel's performance fell outside the wide range of reasonable professional assistance, keeping in mind that an attorney's trial strategies are a matter of professional judgment.  Harris v. Reed, 894 F.2d 871, 877 (7th Cir. 1990).  For the second prong, a plaintiff must show with reasonable probability that but for counsel's errors, the proceeding would have resulted in a different outcome. Fountain, 211 F.3d at 434.

None of Petitioner's ineffective assistance of counsel claims satisfy the <u>Strickland</u> criteria, and therefore all are dismissed as discussed below.

**1. Counsel was not required to challenge the sufficiency of the indictment to provide adequate representation.**

Petitioner argues the indictment failed to put him on adequate notice of the drug types and quantities he was charged with, and his counsel's failure to object to the allegedly vague indictment deprived him of his right to be informed of the charges against him.

A criminal defendant must receive "notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge." <u>Cole v. Arkansas</u>, 333 U.S. 196 (1948). In this case, Petitioner claims his indictment was vague and prevented him from being able to call the proper expert witnesses because it did not lay out the specific drug types and quantities alleged. However, the indictment was clear as to the drug types and quantities and provided Petitioner plenty of information from which to contact the proper prospective witnesses.

An examination of the record shows the indictment alleged the conspiracy involved "more than one kilogram of heroin," and "more than 50 grams of cocaine base." (Tr. at 27, p.3.) The jury determined the quantities of cocaine base and heroin beyond

a reasonable doubt, and specifically found that the conspiracy involved "more than one kilogram of heroin" and "more than 50 grams of cocaine base."  An indictment is sufficiently clear when it sets forth the offense in the words of the statute itself as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished.  United States v. Hinkle, 637 F.2d 1154, 1157 (7th Cir. 1981).  The indictment was clear regarding the charges and the jury verdict was clear regarding the jury's findings against Petitioner.  As a result, Petitioner was not prejudiced by any failure to challenge a clear indictment and verdict.

**2. Counsel was not required to argue Petitioner's sentence violates the U.S. Supreme Court rule outlined in Blakely v. Washington, 542 U.S. 296 (2004).**

Petitioner argues counsel was ineffective for failing to argue Petitioner's sentence violates the Blakely v. Washington. However, the Blakely decision came down after Petitioner's trial and appeal.  Counsel cannot be ineffective for failing to anticipate Blakely.  Fuller v. United States, 398 F.3d 644, 651 (7th Cir. 2005).  Furthermore, even if his Counsel had had such foresight, his arguments still would have failed because the U.S. Supreme Court has not made the Blakely rule applicable to cases on collateral review.  Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004).  Therefore, Petitioner may not argue in his § 2255 motion that his sentence violates the Blakely rule

12

unless and until the Supreme Court announces that <u>Blakely</u>

applies retroactively to such cases.  <u>Id.</u> at 682.

**3. Counsel was not ineffective for failing to challenge Petitioner's role in the conspiracy.**

Petitioner argues that his counsel was ineffective for

failing to challenge his role as a leader in the conspiracy.  At

trial, there was ample evidence in the form of witness testimony

that Petitioner played a leadership role in the conspiracy.

Petitioner's counsel cross-examined the other conspirators in an

attempt to diminish their credibility.  However, this tactic

ultimately proved futile.  Petitioner argues that because this

tactic proved futile his counsel must have been ineffective.

However, Petitioner does not point to any argument that counsel

could or should have made regarding his role in the conspiracy.

Counsel does not put forward any argument regarding what an

objectively reasonable counsel could have argued in such a

scenario.  His counsel's decision to argue credibility and

attempt to discredit witnesses on cross-examination, while it

ultimately proved futile, was nonetheless a reasonable defense

strategy and not enough to satisfy the ineffective assistance of

counsel criteria.  <u>See</u> <u>Rutledge v. United States</u>, 230 F.3d 1041,

1050 (7th Cir. 2000).[2]

---

[2] Petitioner further argues here that this court improperly elevated his offense level two points based upon the finding that Petitioner was the leader of the conspiracy.  As a result

**4. Plaintiff's counsel was not ineffective for failing to object gang related testimony.**

Petitioner claims that certain testimony from government witnesses tainted the jury's decision-making, and counsel's failure to object to the testimony resulted in an unfair trial. Government officers testified at trial that they had experience investigating gangs. Petitioner claims the only purpose in having the officers testify regarding their experience in investigating gangs was to get the jury to infer that Petitioner was a "gang-banger."

Petitioner has not shown sufficient prejudice in his attorney's failure to object to the testimony to meet the

---

of the finding on Petitioner's role as a leader in the conspiracy, the court raised his base offense level two points. Petitioner's claim regarding the improper elevation of an offense level here is a non-constitutional claim, and could have been raised in his direct appeal. Petitioner chose not to raise the issue then, and he cannot raise this issue in his collateral attack.

Even if Petitioner could raise the issue, the upward adjustment for a leadership role in the present case is appropriate. To be classified as a leader, a defendant may simply have organized or in some way directed another member of the conspiracy. United States v. Mustread, 42 F.3d 1097, 1004 (7th Cir. 1994). An upward adjustment is applicable to each leader in a conspiracy and more than one conspirator can qualify as an organizer or a leader. See United States v. McClinton, 135 F.3d 1178, 1191 (7th Cir. 1998). The record shows the testimony of other conspirators satisfactorily implicated Petitioner as a "leader" under the definition. For example, one conspirator testified that Petitioner made decisions regarding the viability of trafficking cocaine into Peoria because it was not selling well. Such decisions show influence and organization over the drug dealing of the other members of the conspiracy.

Strickland standard for ineffective assistance.  In this case,
Petitioner cannot show that he suffered any prejudice from the
failure to object.  There were two instances in which government
witnesses discussed their experience investigating gangs.  In
one instance, the testimony established the expertise of the
witness.  (Tr. at 145, p.389.)  In the second instance the
disputed testimony established the current employment position
of the witness.  (Tr. at 144, p.354.)  The evidence was limited
to establishing the experience and credibility of each witness.
The government never attempted to link Petitioner to gang-
related activity.  Petitioner makes only bald allegations that
he was prejudiced and has not shown how the government ever
actually implicated that he was involved in gang activity.
Therefore, Petitioner's claim fails to meet the Strickland
standard of prejudice.

**5. Petitioner's counsel was not required to call expert
witnesses to establish that cocaine base and crack are not
synonymous.**

Petitioner claims that counsel was ineffective for failing
to retain and call an expert witness to rebut the government's
claim that crack and cocaine base are the same.  However, the
decision to call an expert witness is a tactical decision that
is generally not subject to review.  United States v. Williams,
106 F.3d 1362, 1367 (7th Cir. 1997).  Furthermore, our Appellate
Court has specifically ruled that the decision regarding whether

15

or not to call an expert to challenge the "crack" versus "cocaine base" distinction is a matter left to counsel's discretion.  See Valenzuela v. United States, 261 F.3d 694, 699 (7th Cir. 2001).  Furthermore, Petitioner has failed to point to any scientific or expert evidence which might have been relevant or persuasive at trial.  As a result, Petitioner has failed to demonstrate how counsel's decision not to call an expert prejudiced him and was unreasonable under prevailing professional norms.  Valenzuela, 261 F.3d at 699.

**6. Counsel was not ineffective for failing to object when a witness was permitted to refresh his recollection from notes that were allegedly not disclosed in discovery.**

Petitioner claims counsel was ineffective because his Counsel did not prevent a witness from using notes to refresh the witness's recollection.  At trial, one of the government witnesses used his notes to refresh his recollection while on the stand.  Petitioner complains that the notes were never disclosed prior to trial and as a result, Petitioner was unable to prepare an adequate defense to cross examine the witness on the notes.

Although Petitioner claims the notes were not disclosed, the reports that the notes were based on were obtained by Petitioner's counsel.  The notes provided to counsel prior to trial were enough to allow sufficient preparation for a cross-examination of the witness.  Furthermore, Petitioner has not

demonstrated how having the notes before trial would have allowed for a more effective cross examination.  The notes themselves were only used to refresh recollection and were not used as evidence themselves.  Petitioner has not indicated the content of the notes, nor has he shown how any failure to obtain the notes prejudiced him at trial.  Therefore, Petitioner has failed to sufficiently to meet the requirements of the Strickland test.

**7. Petitioner's Counsel was not required to call the alibi witness put forward by Petitioner.**

Petitioner argues that his counsel failed to present a meaningful defense because his counsel never called certain witnesses.  In support of his claims, petitioner notes: "counsel's only attempt at a defense was cross-examining the government's witnesses and attacking their 'credibility' to convince the jury the petitioner was not in the charged conspiracy."  Petitioner argues in his brief that family members and friends could have testified that he was gainfully employed in Chicago, and that he never dealt drugs.  Presenting such a defense would have put the credibility of the family members and Petitioner himself into play.  Instead, counsel decided to challenge the credibility of the other conspirators testifying against the defendant.

Counsel's decision to argue credibility and attempt to discredit witnesses on cross-examination was a reasonable defense strategy.  United States v. Balzano, 916 F.2d 1273, 1294 (7th Cir. 1990) ("The Constitution does not oblige counsel to present each and every witness that is suggested to him.  In fact, such tactics would be considered dilatory unless the attorney and the court believe the witness will add competent, admissible and non-cumulative testimony to the trial record."). On review, the court's job is not to second-guess counsel's choices among a number of viable defense strategies.  United States v. Moutry, 46 F.3d 598, 605 (7th Cir. 1995).

Furthermore, if Petitioner believed that other witnesses could have provided alibi testimony then, at a minimum, Petitioner must produce an affidavit from each witness stating the testimony each alleged witness would have given at trial. Wright v. Gramley, 125 F.3d 1038, 1044 (7th Cir. 1997). Although petitioner provided a list of family members and friends who would have testified on his behalf, he has not provided an affidavit indicating what their testimony might have been.  As a result, this Court cannot hold that Petitioner was prejudiced by any decision made by his Counsel, and once again Petitioner has failed the requisite test under Strickland.

**8. Counsel did not provide ineffective assistance by failing to object the government's use of leading questions during direct and cross-examination.**

In his reply to the Government's brief, Petitioner argues counsel's "complete lack of objections" to leading questions amounted to ineffective assistance of counsel.

Failing to object to leading questions generally does not fall outside the "wide range of reasonable professional assistance" outlined in Strickland.  See, e.g., Burke v. United States, 261 F.Supp.2d 854, 861 (E.D. Mich. 2003).  See also Strickland, 466 U.S. at 690 ("Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unreviewable.").  Deciding whether or not to object to leading questions is typically considered a matter of trial tactics and strategy, and generally may not be disturbed on review.  United States v. Pedigo, 12 F.3d 618, 623 (7th Cir. 1993) (noting "counsel may have wanted to avoid drawing attention to certain testimony, or may have wished to avoid irritating the jury.").

Petitioner has cited no evidence of how he was prejudiced by the Government asking leading questions to witnesses, he merely alleges that failing to object violated his rights.  Such an allegation without more does not merit relief under an ineffective assistance of counsel claim.  The alleged failure to object to the use of a leading question would have a minimal effect on a proceeding, and does not constitute a "complete

miscarriage of justice." See, e.g., United States v. Bontkowski, 262 F.Supp.2d 915, 922 (N.D. Ill. 2003). As a result, Petitioner's argument fails the requisite elements of the Strickland test.

**9.  Counsel was not ineffective for failing to object to the admission of two tape recordings of controlled purchases made by other conspirators.**

Petitioner also quarrels with the admission of two tape recordings of controlled purchases made by other conspirators, which were subsequently played at trial. He claims his attorney was ineffective for failing to object to their admission on relevance grounds, claiming the tapes "had nothing to do with the petitioner."

Burke Meanus, the person making the purchases in both tape recordings, testified at the trial that he was a member of the conspiracy. Meanus also testified that he received drugs on multiple occasions from Petitioner. (Tr. at 143, p.124.) The government offered the tapes as objective proof of Meanus's claims that a drug conspiracy existed. The tapes provided concrete evidence of the existence of the drug conspiracy and were thus relevant to the trial. Petitioner does not point to any argument made by the government which attempted to prejudice the jury. Specifically, Petitioner does not point to any questions or arguments made by the government which might have led the jury to believe that the tapes were anything other than

what they were – evidence of the existence of the drug
conspiracy.  As a result, Petitioner has not shown how he was
prejudiced or how an objection from his counsel could have
changed the outcome of his trial.  Therefore, he has failed to
satisfy the Strickland criteria for an ineffective assistance of
counsel claim.

## D.    REMAINING ALLEGED CONSTITUTIONAL VIOLATIONS

### 1.    Alleged Brady Violation

As already noted, a government witness used notes to
refresh his recollection regarding observations of the
Petitioner's arrest and investigation.  Petitioner argues that
the notes used to refresh the witness's recollection were
withheld from him and resulted in an alleged violation of the
rule laid down in Brady v. Maryland, 373 U.S. 83 (1963).

In Brady, the Supreme Court held that a violation of due
process occurs when withheld evidence is: (1) favorable insofar
as it is exculpatory or impeaching, (2) suppressed either
willfully or inadvertently, and (3) material insofar as the
defendant was prejudiced by its suppression.  Strickler v.
Greene, 527 U.S. 263, 281-82 (1999).  In order to prevail on a
Brady claim, the defendant must demonstrate he was denied a fair
trial by "showing that favorable evidence could reasonably be
taken to put the whole case in such a different light as to

undermine confidence in the verdict." <u>Kyles v. Whitley</u>, 514
U.S. 419, 434 (1995).

In the case at bar, Petitioner did not make any showing of
how the notes prejudiced him or how it would "put the whole case
in such a different light as to undermine confidence in the
verdict." <u>Kyles</u>, 514 U.S. at 434.  Instead, Petitioner makes
only a vague argument that if the notes had been disclosed he
would have been able to clarify or impeach the witness's
testimony regarding the arrest and investigation.  However, the
notes were simply used to refresh the witness's recollection.
Petitioner has not shown how having access to the notes would
have made for a more effective cross examination.

As a result, the fact that the notes were not disclosed
does not demonstrate that Petitioner suffered a violation of the
<u>Brady v. Maryland</u>.

## 2.    Alleged <u>Apprendi</u> Violations

Petitioner also claims his sentence violates the rule
stated in <u>Apprendi v. New Jersey</u>, 540 U.S. 466 (2000).  Under
<u>Apprendi</u>, any fact which would increase a defendant's statutory
maximum penalty, other than a proof of a prior conviction, must
be alleged in the indictment and proven to a jury beyond a
reasonable doubt.  <u>Id.</u> at 490.

In the case at bar, the jury found the government had
proven the charge listed in the indictment that Petitioner

22

conspired to distribute 50 grams or more of crack cocaine.  The jury's finding required a mandatory minimum sentence of ten years and provided for a statutory maximum penalty of life in prison.

This Court found that due to the specific drug quantities involved Petitioner's minimum sentence was enhanced to 262 months.  However, this was still far less than the statutory maximum which Petitioner was facing - life in prison.  Since the 262 month sentence that Petitioner received is less than the statutory maximum of life imprisonment, there is no violation of the Apprendi rule.  See United States v. Jones, 248 F.3d 671, 676 (7th Cir. 2001); United States v. Nubuor, 274 F.3d 435, 444 (7th Cir. 2001) (noting that Apprendi does not apply to enhancements of the mandatory minimum sentence).

**3. Alleged Crawford Violations.**

Petitioner claims the government violated his Sixth Amendment right to confrontation according to the rules outlined by the Supreme Court in Crawford v. Washington, 541 U.S. 36 (2004).  Crawford held that the confrontation clause of the Constitution bars out-of-court testimonial statements.  According to the definition, "testimonial statements can include previously sworn statements or solemn declarations or affirmations made for purposes of establishing or proving some fact (such as affidavits or depositions)." Id.  Petitioner

23

alleges that the two tape recordings which were played were out-of-court statements that should not have been allowed.

However, Crawford was not decided before either Petitioner's trial or appeal, and our Appellate Court has held that Crawford cannot be applied retroactively on collateral attack.  See Murillo v. Frank, 402 F.3d 786, 791 (7th Cir. 2005) ("Crawford cannot have established the sort of indispensable doctrine that applies retroactively); Bintz v. Bertrand, 403 F.3d 859, 867 (7th Cir. 2005) ("Crawford... is not retroactive on collateral attack.")

Furthermore, even if this argument could be raised here, Crawford's holding would not apply in the present circumstance. The tape recordings were of two controlled purchases involving other conspirators: one tape was of a controlled purchase from Burke Meanus, and the other tape was of a controlled purchase made by Meanus from another conspirator.  None of the conversations made on either tape were "testimonial," and as a result, they are not barred by the rule laid down in Crawford. See Crawford, 541 U.S. at 52.

**E. REMAINING MOTIONS**

**1. Motions for Production of Documents.**

Petitioner also has two pending motions for production of documents [Doc. 9 and 11] in which Petitioner requests that this

Court provide him copies of the grand jury testimony in this case.

To obtain grand jury material, despite the presumptive secrecy imposed by Federal Rule of Criminal Procedure 6(e), a litigant must show that the information "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979).

Petitioner requests "all evidence of any kind that may be arguably favorable to him." [Doc. 10 at 5.]  This is not a structured request intended to cover only materials needed to fit a specific need.  In particular, Petitioner seems to be seeking the names of grand jury informants and impeachment material of any informants.  Impeachment material of grand jury informants is not necessary to prevent a manifest injustice because Petitioner was convicted based upon the witnesses and evidence presented at trial.  Undermining any testimony that was presented to the grand jury by informants would not get Petitioner any closer to challenging his conviction at trial. Accordingly, Petitioner's requests for discovery are DENIED.

**2. Motion to Clarify.**

Finally, Petitioner presents a "Motion to Clarify" [Doc. 19] in which Petitioner restates his <u>Apprendi</u> argument.  As already noted, based upon the evidence at trial and the verdict reached by the jury Petitioner could have received a life sentence.  Evidence was presented at sentencing which increased his mandatory minimum sentence, however, this evidence does not violate <u>Apprendi</u> because <u>Apprendi</u> only applies to increases in a defendant's maximum sentence.  <u>Nubuor</u>, 274 F.3d at 444 (noting that <u>Apprendi</u> does not apply to enhancements of the mandatory minimum sentence).  Accordingly, Petitioner's motion to clarify is DENIED.

### IV.
### CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED.  All other pending Motions are DENIED.

CASE TERMINATED

ENTERED this  10th  day of January, 2008.

                               s/ Joe Billy McDade
                            Joe Billy McDade
                       United States District Judge

26