E-FILED
Friday, 01 February, 2008  11:21:14 AM
Clerk, U.S. District Court, ILCD

```
              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF ILLINOIS
                       AT PEORIA
```

SAMMIE J. SIMPSON, JR.

    Petitioner,

v.                          Case No. 05-1010

UNITED STATES OF AMERICA,

    Respondent.

FILED
FEB 1 - 2008
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## MOTION FOR RECONSIDERATION
## OF PETITIONER'S § 2255 PETITION

Now comes Petitioner, **SAMMIE J. SIMPSON, JR.**, in his own proper person, and moves this Honorable Court to reconsider its order dismissing Petitioner Sammie J. Simpson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 USC § 2255. In support thereof, Petitioner aver as follows:

**I.   STANDING**

The essential function of § 2255 process "is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and/or senentence In re Davenport, 147 F.3d 605, 609 (7Cir. 1998); Price v. Johnston, 334 U.S. 266, 283 (1948) and citing Carafar v. LaVallee, 391 U.S. 234, 238 (1968). As such, petitioner request this court reconsider the forgoing arguable issues for the reason set forth herein.

**II.  ANALYSIS**

    A.   The Petitioner's initial argument is as follows:

> The district court did not comply with rule 32 to the prejudice of Petitioner when it failed to resolve factual desputes concerning drug types and quantities and instead relie on inaccurate information to establish Drug tyeps and quantitites for purpose of sentencing.

Petitioner relied on Rule 32(c)(1) as the asserted grounds for relief in issue three, Ground C. of his § 2255 petition, Rule 32 states in relevant part:

> "For each matter controverted the court mistmake either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing."

The disputed matter involve paragraph 41 of the Pre-sentence Report which counsel argued extensively at sentencing. Tr.9-17, 1-25, pp.43, 48 and Tr.3-25, pp.15. Counsel strongly objected to the miscalculation of defendant's offense level in paragraph 41 of the pre-sentence report which increase defendant's base offense level two levels by attributing the death of William Gilmore to the defendant which the jury rejected in the verdict and this Court concurred that the death should not be used in calculating defendant's sentence.

The probation officer misled the court and erroneously stated that Section 2D1.1(a)(2) was applicable because Section 2D1.1(a)(2) states, "If the defendant is convicted and the offense of conviction establish that death or serious bodily injury occurred -defendant offense level should be level 38. Tr,18-24, pp.16. The probation officer assertion concerning the application of Section 2D1.1(a)(2) of the sentencing guidelines was absolutely incorrect. Tr.18-24, pp. 16. Section 2D1.1(a) combine the application of section 2D1.1(a)(2) and (3) to operation in contrast by use of the coordinating conjunction "or" to set section 2D1.1(a)(2) in opposition to section 2D1.1(a)(3) in order to show or emphasize the deference in their application. Clearly the conjunction "or" is used to indicate an

2

alternative.

Section 2D1.1(a)(2) directs the user to section 2D1.1(a)(3) as an alternative or choice between to muturally exclusive possibilities to arrive at a correct base offense level specified in the Drug Quantity Table set forth in subsection (c) when death or bodily injury <u>was not established</u> in the offense of conviction. The probation officer's interpretation of the application of Section 2D1.1(a)(2) is misplaced, if death or bodily injury did not occur as established by the offense of conviction then the alternative [o]r direct you to Section 2D1.1(a)(3) which instruct you to use the Drug Quantity Table in subsection (c).

The district court erred in adopting the factual finding and sentencing guidelines application in the Pre-sentence Report, and was not mindful of its earlier ruling correcting the base offense level by correcting drug amounts and reducing the defendant's offense level from level 38 to level 36. Tr. 20-25 through 1-8, pp.54,55, then imposing sentence at the incorrect level of level 38. See: (Judgment in a Criminal Case - Attached hereto) That the district court's err in sentencing defendant at level 38 is so agregious that to allow the sentence to stand would be a miscarriage of justice.

III.   ARGUMENT

   1.   <u>Defendant has a Right to be Sentence on the Bases of Accurate Information</u>

The defendant first contends that his constitutional right to Due Process and Federal Rule of Criminal Procedure 32 requires that

3

3

he be sentence on the basis of accurate information regardless of whether disputed portions of the Pre-sentence Report alter his guideline range of imprisonment. The United States Supreme Court has made clear that there is a due process right to be sentence on the basis of accurate information. <u>United States v. Fucker</u>, 400 U.S. 443 (1972). In fact, the "sole interest of the defendant in sentencing is the right not to be sentence on the basis of inaccurate or unreliable information. <u>United States v. Lopez</u>, 898 F.2d 1505, 1512 (11th Cir. 1990).

Defendant raised valid objections to the information in the Pre-sentence report, specifically noting the inaccuracies in the probation officer's calculation of the drug quantities attributable to defendant and the errs reflected in the application of Section 2D1.1(a)(2) and (3) of the sentencing guidelines which miscalculated the base offense level to be level 38. However, the Court, having been apprised of the inaccuracies in the application of Section 2D1.1(a)(2) relied upon the probation officer's calculation and application of the sentencing guidelines provisions without an independent factual finding as to the accuracy of the information in the pre-sentence report.

This Circuit has held that "[f]or the purpose of determing the purpose of determining the sentence to be imposed under the guidelines, the trial court ha[s] an obligation to employ fair procedures in determining the accuracy of the information used in sentencing. <u>United States v. Hadden</u>, 927 F.2d 942, 952 (7th Cir. 1991).

Further, this Circuit has noted that "[t]here is no doubt that a criminal defendant has a due process right to have the court consider only accurate information when imposing sentence, and that this right may be violated when the court considers information which is inaccurate. <u>United States v. Coonce</u>, 961 F.2d 1268, 1275 (7th Cir. 1992).

Part of this fair sentencing procedure has been codified under Rule 32 of the Federal Rules of Criminal Procedure, which states in part:

> "if the comments of the defendant or his counsel or testimony or other information introduced by them alleging any factual inaccuracy in the Pre-sentence Investigation Report or the summary of the report or part thereof, the court shall as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is not necessary because the matter will not be taken into account in sentencing.

The Rule serves two important functions. "First, it protects a defendant's due process right to be sentenced on the basis of accurate information. . . .Second, by requiring the court to append a written copy of its finding and determination to the Pre-sentence Investigation Report, it provides a clear record of the resolution of disputed facts for appellate counts and other agencies which may later rely on the PSI." <u>United States v. Coonce</u>, 961 F.2d at 1277 (7th Cir. 1992). Therefore, revision and accuracy of the PSI is necessary even when the Guideline sentence will not be altered.

This Rule mandates that the court should never rely on disputed information in passing a sentence without resolving such disputes. "[T]o rely on a disputed assertion of one party without resolving

5

the dispute by making clear findings of fact and law would clearly violate the letter and spirit of Rule 32. More importantly, it would violate the very essence of the judge's role in the adversarial process to guestion assertions, to reflect before relying." See Kramer v. United States, 798 F.2d 192, 194 (7th Cir. 1986).

Failure to follow Rule 32, by failing to either resolve disputes or to state that they would not be relied upon in sentencing, requires vacation of the sentence. United States v. Reynolds, 801 F.2d 952 958 (7th Cir. 1986); See also United States v. Villasenor, 977 F.2d 331, 339 (7th Cir. 1992)(although re-sentencing may be unnecessary for a ministerial violation of Rule 32, remand for further proceedings may be required to clarify the record so that it provides a complete and accourtae record of the information upon which the sentencing court relied). Further, even failing to append those finding to the PSI itself will usually require remedial action by a court. United States v. Musa, 946 F.2d 1297, 1208 (7th Cir. 1991).

In the instant case the violation of Rule 32 is not ministerial but substantially violates defendant right to due process. Even though the Court took judicial note of the misapplication of the sentencing guidelines, the court did not resolve many of counsel's objections to the drug amounts allegedly attributable to defendant but not supported by testimony or evidence, but unsupported accusations glean from the Government's Version of the Offense, and echoed in the probation officer's preparation of the Pre-sentence Report of the defendant.

Therefore the Defendant requests that this Court reconsider its ruling dismissing Defendant's 28 USC §2255 petition.

Grounds Four
   2.  The Petitioner's initial argument is as follows:

   The trial court's failure to make a specific finding as to the drug amounts attributable to or reasonably foreseeable to petitioner independent of the drugs charged in the conspiracy. That because drug amounts are important in determining the sentence the defendant would receive, the court must make a explicit finding as to its calculation of drug quantities and offense level and how it arrived at drug amounts attributable to or reasonably forseeable to petitioner independent and distinuish from drug charged in the conspiracy for the purpose of sentencing petitioner. Failure to make such findings brings fise to substantial due process violations and severely prejudice petitioner. And the sentence should be vacated and set aside.

   a.  <u>The Court's Finding</u>

   The district court heard and considered the objection of the the pre-sentence report and found that the petitioner was responsible for trafficking in excess of 10,000 kilograms of marijuana equivalent. However, the court did not resolve the objections to the drugs brought into the conspiracy by other suppliers that were not charged in the conspiracy. The petitioner's claim as to the district court's mithod of applying the Sentencing Guidelinges to his case has merit and substantial due process violations, where petitioner was held responsible for drug that were not a part of the conspiracy, but were supplied to others by other suppliers. The district court did not resolve the matter of drugs testified to by cooperating witnesses admittedly purchased from other suppliers, but attributed to petitioner as sentencing.

7

## IV. ARGUMENT

### A. The Pre-sentence Investigation Report Improperly Calculated Drug Amounts Attributable to Defendant at Sentencing

1. The Petitioner's intitial argument was as follows;

    <u>Petitioner's Sentence should be vacated and set aside where the District Court failed to Make a Specific finding as to Drugs Attributable to the Petitioner or reasonably forseeable to the Petitioner for purpose of Determining sentence. The Court Relied upon Witnesses Statements, and never allowed Petitioner the right of Confrontation.</u>

Petitioner does not advance his confrontation argument herein in order to focus the substantive issue of the Court's finding of Drug attributable to the Petitioner.

It was Defendant's initial position as reiterated and submitted herein, that no reliable evidence existed to support the quantity of drugs attributable to Defendant in the Pre-sentence Report. Because drugs are so important to sentencing in a narcotic case, the Court must make an explicit finding as to its calculation of drug quantities and resulting offense level and how it arrived at the sentence. <u>United States v. Phillips</u>, 37 F.3d 1210, 1213 (7th Cir. 1994). Further, the government has the burden of establishing the quantity of drugs attributable to defendant by at least a preponderance of the evidence. <u>United States v. McMillen</u>, 8 F.3d 1246, 1250 (7th Cir. 1993).

At sentencing, Counsel argued extensively concerning drug types and quantities, especially drugs attributed to defendant that were supplied to many of the witnesses by other suppliers, not charged in the conspiracy, and those same drugs were incorporated into witnesses testimonies and used to establish defendant's base

offense level and sentence. Counsel apprised the Court of the overstating of drug amounts and attempted to argue at length the issue of inflated drug amounts. Tr. 12-18, pp. 23. This Circuit has set forth a two part determination of the drug amount attributable to a defendant. First, an adjustment for relevant conduct is found upon the amount of drugs a defendant had knowledge of or was reasonably foreseeable to him, Second, the court should consider amount of drug envisioned within the scope of the agreement within the group. United States v. Flores, 5 F.3d 1073, 1083 (7th Cir. 1993). It is the Government's burden to prove that the defendant's specific agreement encompassed the amount of narcotics alleged. United States v. Majico, 984 F.2d 1426, 1443 (7th Cir. 1993). Moreover, because the drug amount determines the sentencing range and the sentence the defendant would receive, eliminating [j]ust "One Gram" of the drugs erroneously attributed to defendant would substantially reduce, by 42 months, the sentence defendant received.

  Defendant recognized that where drugs have not been seized in the case, it is permissible for a court to estimate that amount of drugs attributable to a defendant under the guidelines. However, defendant has a right to be sentenced based on information with a "sufficient indicia of reliability to support it's probable accuracy." U.S.S.G. §6A1(a); United States v. Beler, 20 F.3d 1428, 1432 (7th Cir. 1994); United States v. Garcia, 66 F.3d 851, 856 (7th Cir. 1995).

Counsel objected to numerous drugs amounts in the pre-sentence report that not testified to at trial or supported by reliable information. Tr. 3-24, pp. 21. The Seventh Circuit held, as long as "nebulous eyeballing" is avoided (and the court carefully scrutinize the reliability of testimony of drug amounts) estimating drug amounts is an appropriate way for the court to determine the quantity of drugs. United staters v. Duarte, 950 F.2s 1255, 1265 (7th Cir. 1991) See also, United States v. Mumford, 25 F.3 461, 467 (7th Cir. 1991. Moreover, if a estimate is used, the sentencing court must base the estimate on reliable information.

In situations where there is inconsistent evidence regarding drug amount, the district court must conduct a sufficient searching inquiry into the government's evidence to insure its probable accuracy. United States v. Beler, 20 F.3d 1428, 1433 (7th Cir. 1994).

In United States v. McEntire, 153 F.3d 424 (7th Cir. 1998), the district court was faced with four different estimates of the amount of drugs attributable to the defendant Id. 437. At sentencing the district court did not explain why one estimate was credited over the other different estimate. Id. The Court of Appeals remanded for re-sentencing stating "the record in this case leave us unconvinced that the district court conducted a sufficiently searching inquiry into the contradictory evidence.

In the instant case, this court was faced with all manner of inconsistencies in the testimony concerning drug amounts alleged to have been involving in the conspiracy, much, if not all of this testimony hailed from cooperating witnesses testimonies who

themselves were abusers seeking reduction in the sentence they would receive, as well as from drug addicts/customer of defendants testifying solely for monetary and other compensations. Not only were their testimonies of drug amounts vague and inconsistent but also incredulous, and in many instances the testimony was contrived and fabricated. The court, did not explain why one estimate of one drug amount testified to was credited over other different stated estimate or vague recollection.

In the case of United States v. Beler, 20 F.3d 428 (7th Cir. 1994), the court remanded for resentencing where the sentence was base upon co-conspirator's statements. In the case, the co-conspirator testified at trial, and provided two affidavits as to the amount of drugs involved in the offense. In each instance, the amount alleged was different. Id. 1433. The Court held that the district court should have brought the witness into the sentencing hearing and found out exactly what facts he was relying on to make his estimates. The court stated that the inconsistances in the affidavits and trial testimony, along with the fact that the the witness was a "drug addict" required reversal of the district court's decision. Id. 1435.

In the present case, 10,000 kilograms of marijuana (Converted using the Marijuana Conversion Table) was attributed to defendant for the purpose of sentencing, resulting in a base offense level of 36. It is undisputed that the drug quantities, with the exception of a little more than 5.0 grams recovered from defendant Levence Simpson during the arrest, were based exclusively on the testimony

Apprendi

We recognize that (1) the Seventh Circuit has held that the requirements of Apprendi v. New Jersey, 530 U.S. 466 (2000), do not apply to an increase in the Guidelines sentencing range, see,e.g. Talbott v. Indiana, 266 F.3d 866 (7th Cir. 2000); and this Court is bound by their decision. However, we nonetheless contend (in order to preserve the issue), that Apprendi's requirements (e.g. inclusion of the aggravating elements in the indictment, submission of them to the jury, and resolution of them under the reasonable-doubt standard) do apply in this context, as Apprendi's underlying principle and loogic render a distinction between statutory and Guidelines maximums argitrary and untenable. Accordingly, we submit that the failure to adhere to Apprendi's requirements to this case renders counsel's representation ineffective..

Counsel was aware or should have been aware of Apprendi's guiding principle and constitutional implication and their application to petitioner's circumstance. Counsel's performance fell below an objective standard of representation for not raising Apprendi issues clearly applicable to petitioner. Counsel was ineffective for not raising Sixth Amendment challenges to petitioner's jury trial guarantee, and to be sentence only on those charges charged in the indictment and founded by the jury.

Again, in order to avoid unnecessary repetition, petitioner incorporate by this reference and Apprendi challenge to the issues presented in petitioner's Section 2255 petition summarized in pertinent part:

12.

   2. The following Issues are preserved for Apprendi Challeges:

   Grounds 6
   Counsel ineffective for failing to object to sentence enhancement

   Ground 7
   Counsel ineffective for not objecting to drug quantityies not charged in the indictment (Overt Act in not an element of the offense.

   Ground 8
   Counsel ineffective for not challeges implications of gang affiliation.

   Ground 11
   Counsel ineffective for not challeging tape recordings.

   Ground 12
   Counsel ineffective for not challeging Government's claim that "crack and "cocaine base are synonymous.

   Ground 14
   Counsel ineffect've to call witnesses to testify that petitioner was not par of the conspiracy as charged.

## V.  CONCLUSION

   As demonstrated above, The petitioner's due process right under the Fifth Amendment to the Constitution were violated when the Court relied on unreliable information at sentencing, and petitioner's constitution was violated when the court allowed petitioner to be sentenced based upon unreliable information and erroneous facts asserted by the probation officer the Section 2D1.1(a)(2) permitted application where petitioner was not charged with the death of William Gilmore and should not have received a level 38 guideline sentence. Cause has been shown by both Constitutional Violations and Counsel's failure to move for dismissal prior to trial.

Prejudice is demonstrated by the amount of actual time petitioner received an d the sentence he received. See <u>Glover v. United States</u>, 531 U.S. 198 (2001).

                                                      Respectfully submitted,

*/s/ Sammie J. Simpson*
Sammie J. Simpson, Pro se
Reg. No. 20507-424
Federal Correctional Institution
P.O. Box 5000
Greenville, Illinois 62246

1:05-cv-01010-JBM    # 22    Page 14 of 17

STATE OF ILLINOIS )
                  ) SS
COUNTY OF B O N D )

### AFFIDAVIT OF SAMMIE J. SIMPSON, JR.

I, SAMMIE J. SIMPSON, JR., being first duly sworn upon oath deposes and says:

1. That I am the Petitioner in the attached Motion for reconsideration of Petitioner's §2255 Petition, and that I am not represented by counsel.

2. That the content of the this affidavit and the Section 2255 Motion is true and correct in both substance and form to the best of my knowledge and recollection.

3. That this action is not frivolous and have merit and petitioner is entitled torelief.

FURTHER AFFIANT SAYETH NOT

_____
Sammie J. Simpson, Affiant

SUBSCRIBED and SWORN to before me
this 22, day of January, 2000

_____
     Notary Public

(3/01) Judgment in a Criminal Case
Attachment — Statement of Reasons

Judgment — Page 1 of 2

DEFENDANT: Sammie J. Simpson, Jr.
CASE NUMBER: 01-10038-001

## STATEMENT OF REASONS
(Not for Public Disclosure)

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☒ The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 38

Criminal History Category: II

Imprisonment Range: 262 to 327 months; Mandatory min. 120 months.

Supervised Release Range: 5 to life years

Fine Range: $ 25,000 to $ 4,000,000

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

SAMMIE J. SIMPSON, JR.

    Petitioner,

v.                                 Case No 05-1010

UNITED STATES OF AMERICA,

    Respondent.

## NOTICE OF FILING

**TO:** Bradley W. Murphy
     Assistant U.S. Attorney
     Office of the U.S. Attorney
     One Technology Plaza - Suite 400
     211 Fulton Street
     Peoria, Illinois 61602

    **PLEASE TAKE NOTICE** that I have cause to be filed with the Clerk of the United States District Court, Central District of Illinois, at Peoria, Room 309, Federal Building, 100 N.E. Monroe Peoria, Illinois 61602, the attached **MOTION FOR RECONSIDERATION OF PETITIONER'S § 2255 PETITION**, a copy of which is hereby served upon you.

                                       Respectfully submitted,

                                       */s/ Sammie J. Simpson*
                                       Sammie J. Simpson, Petitioner
                                       Reg. No. #20507-424
                                       Federal Correctional Institution
                                       100 Route 40 & 4th Street - Box 5000
                                       Greenville, Illinois 62246

## CERTIFICATE OF SERVICE

    I, SAMMIE J. SIMPSON, JR. certify that I caused the above caption document to be served upon the partie[s] by placing same in a correctly addressed envelope with prepaid postage affixed thereto, and deposited same in the United States Mail at the Federal Correctional Institution, Greenville, Illinois 62246, on the 22 day of January, 2000, pursuant to **Houston v. Lack**, 487 U.S. 266 (1988).

                                         */s/ Sammie J. Simpson*
                                       SAMMIE J SIMPSON, Affiant