## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| SAMMIE J. SIMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:05-cv-01010 |
| v. ) | |
| ) | |
| U.S.A. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **O R D E R**

Before the Court is Petitioner's Motion to Reconsider [Doc. 22] and Notice of Appeal [Doc. 23]. Petitioner originally filed a Habeas Corpus Petition in this Court under 28 U.S.C. § 2255. That petition was denied on January 11, 2008. [Doc. 20.] On February 18, 2008, Petitioner filed a Motion to Reconsider that ruling. [Doc. 22.] Next, Petitioner filed a Notice of Appeal on February 22, 2008, which this Court construes as a request for a Certificate of Appealability. [Doc. 23.] For the following reasons, Petitioner's Motion to Reconsider and request for a Certificate of Appealabiliy are DENIED.

I. Motion to Reconsider

A Motion to Reconsider does not technically exist under the Federal Rules of Civil Procedure ("FRCP"). The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the FRCP. See, e.g., Mares v. Busby, 34 F.3d 533, 535 (7th Cir. 1994); United States v. Deutsch, 981 F.2d 299, 300 (7th Cir. 1992); Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990). Whether the motion falls under Rule

59(e) or Rule 60(b) turns on the time at which the motion is served. Deutsch, 981 F.2d at 300. "If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." Id. at 300-01.

In this case, judgment was entered on January 11, 2008, and Petitioner's motion was entered on February 18, 2008, well after the ten day limitation of Rule 59(e). See Fed.R.Civ.P. 59(e). Therefore, it is evident that Petitioner's motion is time-barred under Rule 59(e). See id. As a consequence, the Court will construe Petitioner's motion pursuant to Rule 60(b) of the FRCP. See Deutsch, 981 F.2d at 300-01.

Pursuant to Rule 60(b), a court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances. Provident Savings Bank v. Popovich, 71 F.3d. 696, 698 (7th Cir. 1995) (citations omitted). Rule 60(b) is not an alternative method to obtain review by appeal or as a means of enlarging by indirection the time for appeal. See Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000); Swam v. U.S., 327 F.2d 431, 433 (7th Cir. 1964). As such, a belief that the Court was mistaken as a matter of law in dismissing the original petition does not constitute the kind of

2

mistake or inadvertence that comes within the ambit of Rule 60(b)(1). See id. Under Rule 60(b)(6), the "any other reason that justifies relief" catch-all provision, relief is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust. Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir. 1986) (citations omitted). A strong policy favoring the finality of judgments is the basis for the stringent interpretation of a Rule 60(b) motion. See id. at 1073 n. 5.

Petitioner asserts the following arguments in his Motion to Reconsider: 1) The Petitioner has a Due Process right to be sentenced on the basis of accurate information [Doc. 22 at 3]; 2) the Pre-Sentence Report improperly calculated the drug amounts attributable to the Petitioner at sentencing [Doc. 22 at 8,]; and 3) Petitioner's counsel was ineffective because counsel should have been aware of Apprendi's application to Petitioner's case [Doc. 22 at 12]. In the first argument, Petitioner attempts to re-hash an earlier argument that Petitioner was not sentenced on the basis of accurate information. [Doc. 1 at 5; Doc. 22 at 1-6.] This Court already addressed this argument and found that it was not supported by the record. [Doc. 20 at 7-8.] Petitioner now amends the previous argument by adding that he has a Due Process right to be sentenced on the basis of accurate information. [Doc. 22 at 3.] While this Court does not disagree that Petitioner has such a Due Process right, this Court has previously ruled that Petitioner was sentenced on the basis of accurate information and will not disturb the finality of that judgment. [Doc. 20 at 7-8.] Similarly, Petitioner's second and third arguments are precluded because Petitioner raised essentially the same issues in his original petition, and this Court rejected them. [Doc. 1 at 6; Doc. 20 at 7-8, 22-23; Doc. 22 at 8-11, 12-13.] In essence, Petitioner has used this Motion to Reconsider as a means to appeal our previous rulings on his original petition. Thus, Petitioner's Motion to Reconsider must fail under Rule 60(b) because he has failed to allege any exceptional

or extraordinary circumstance that would create a substantial danger that the underlying judgment was unjust. See Popovich, 71 F.3d. at 698; Margoles, 798 F.2d at 1073.

The fact that Petitioner is representing himself Pro Se does not alter the analysis. Pro Se litigants are entitled to some procedural protections, but they are not entitled to a complete dispensation of procedural rules. Popovich, 71 F.3d. at 699-700. Rule 60(b) does not provide a means of reviving issues that were not raised before entry of judgment, even by a Pro Se litigant. See id. at 698-700.

II. Certificate of Appealability

When a Petitioner has been denied a request for habeas relief and wishes to appeal, a notice of appeal acts as a request for a certificate of appealability. West v. Schneiter, 485 F.3d 393, 394-95 (7th Cir. 2007). Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner's request fails to raise any issue relating to denial of a constitutional right because and is simply silent on what grounds this Court should provide for an appeal. Under these circumstances, a certificate of appealability can not be issued. See id.; West, 485 F.3d at 395.

IT IS THEREFORE ORDERED that 1) Petitioner has not presented any argument warranting relief under Rule 60(b), and Petitioner's Motion to Reconsider is DENIED; and 2) Petitioner has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2), and Petitioner's request for a certificate of appealability is DENIED.

ENTERED this __14th_ day of March, 2008.

                                                            __s/JoeBilly McDade__
                                                              Joe Billy McDade
                                                         United States District Judge